## THE UTAH NATIONAL BANK, APPELLANT, v. ISAAC SEARS AND ANOTHER, RESPONDENT.

JUDGMENT BY WARRANT OF ATTORNEY—SUFFICIENCY.

Where a promissory note contained a warrant of attorney, authorizing any attorney of any court of record to appear and confess judgment against the makers of the note in default of payment, and where, upon such default, judgment was thus entered, *held,* that entry of judgment in the nature of *cognovit actionem* can exist only by statutory authority, and is not recognized by the statutes of Utah, and such judgment will be treated as a judgment by confession, and, failing to strictly comply with sections 3767-3770, Comp. Laws 1888, will be set aside as absolutely void.

(No. 651. Decided March 26, 1896. 44 P. R. 832.)

Appeal from the district court of the Third judicial district, Territory of Utah. Hon. S. A. Merritt, *Judge.*

The Utah National Bank obtained a judgment against Isaac Sears and another on a promissory note containing a warrant of attorney to confess judgment. The judgment was set aside and the order of reference in supplementary proceeding vacated on motion of the defendants. From the order setting aside the judgment and vacating the order of reference plaintiff appeals. *Affirmed.*

*Jones & Schroeder* and *Williams, Van Cott & Sutherland,* for appellant.

Judgments entered by warrant of attorney (or cognovit) are everywhere recognized, so far as we have been able to ascertain, as legal and binding. Black in his work on

judgments, volume 1, section 61, expressly recognizes this method of entering judgments, and it is a common law rule.

Our statute, it is true, authorizes the confession of judgments only in a certain way as heretofore referred to, but our statute does not prohibit the rendition of judgment upon warrant of attorney or cognovit, and in 70 Ill. 482-3 this method is expressly recognized in the following terms: "A warrant of attorney to confess judgment, is a familiar common law security. The entry of judgment by cognovit thereunder, is a proceeding according to the course of the common law, which courts have ever entertained, in the ordinary exercise of their authority as courts of general jurisdiction. The fact that the statute has regulated the mode of procedure, does not convert the proceeding into one of such a special statutory character, that the same presumption does not obtain as in the case of ordinary judgments of superior courts of general jurisdiction."

If the defendants in this case had the legal right to appoint an agent to appear for them and waive the issuance and service of summons, and cause judgment to be entered for the amount of the note, the same agent had authority to confess as to attorney's fees, and in support of this we cite, 16 N. E. Rep. 881. Black on Judgments, vol. 1, p. 75.

But in this case the record discloses the fact that an admission of attorney's fees was not made, and evidence was introduced as to what a reasonable attorney's fee would be and the court, after hearing the evidence, adjudicates that question. We cite in support of our proposition as to the validity of judgments entered by warrant of attorney in addition to the case already cited: 119 Ill. 321; 53 Texas 44; 13 Atl. Rep. 479; Black on Judgments, vol. 1, sec. 75.

Will the court allow these defendants to impeach the act whereby they empowered, authorized, and created an agent to appear for them in court and confess judgment for the amount due by them to the plaintiff? And that is what must be done if this judgment is set aside, and that too without any evidence of fraud or·mistake, or that any injustice has been done to them, or that they have any defense of any kind or description to this note. See also Black on Judgments, vol. 1, sec. 77; 21 Cal. 306; 34 Cal. 79; 32 Am. Dec. 176; 23 Cal. 128; 63 Cal. 324; 53 Texas 44.

We take the further position that a judgment by confession is good as between the parties themselves no matter how defective it may be as to third parties. That is, suppose that under our statute a judgment by warrant of attorney should be held by this court to be unauthorized; such a judgment might be attacked and set aside by some creditor of·the judgment debtor, who had been injured thereby, or who would set up fraud and collusion between the judgment creditor and the judgment debtor through which the judgment was obtained. But the judgment debtor himself is never allowed to impeach his own acts in confessing a judgment. Black on Judgments, vol. 1, sec. 68; *Coolbough* v. *Roemer*, 15 N. W. Rep. 869; *Miller* v. *Earl*, 24 N. Y. 110; *Lee* v. *Figg*, 37 Cal. 328.

*Brown & Henderson*, for respondents.

Rolapp, District Judge:

This is an appeal from an order made by the district court of the Third judicial district of the territory of Utah, sustaining a motion to set aside a judgment there· tofore entered in favor of appellant and against the respondents. Briefly stated, the facts are as follows: On November 10, 1891, the respondents, Isaac Sears and

Thomas E. Jeremy, executed a promissory note for $7,000, to which was added a contract, which, among other things, provided that the respondents "hereby authorize any attorney of any court of record in the territory of Utah, or elsewhere in the United States, to appear for us, either or any one of us, in any such court, at the suit of the holder of this obligation upon the same, at any time after the maturity thereof, and waive the issuing and serving of the process, and confess judgment against us, either or any of us, and in favor of such holder, for the amount then appearing due thereon, and for costs of suit, and release all errors." After the maturity of the note the appellant filed a complaint in the district court, praying for judgment against the respondents for the principal sum due upon the note, together with interest, attorney's fees, and costs. On the same day, and without process having been served upon the respondents, an attorney of said court, "under authority of provisions contained in the note set out in the complaint in this case," entered appearance for the respondents, and "waived the issuing and service of summons and time to answer, and consent that judgment may be entered at once as asked in the complaint, releasing all errors." On the next day judgment was entered as asked against the respondents for $7,406 and $250 attorney's fees and interest and costs. Subsequently a large amount of property given to secure the original indebtedness was sold for $2,871.19, and applied upon the judgment; and on September 24, 1894, supplementary proceedings were commenced to realize the remainder of the unsatisfied part of the judgment. On October 2, 1894, respondents filed a motion to set aside the order of reference under supplemental proceedings upon the ground that no judgment had ever been properly entered in the cause. Subsequently the court below made an order setting aside the

judgment and vacating the order of reference, from which order this appeal is taken.

The sole contention in this case, as we view it, is, can such a warrant of attorney as is involved in this case authorize the creditor himself to enter judgment against his debtor? Judgment by confession on warrant of attorney or cognovit can be sustained only by statute, and by statutory authority. A warrant of attorney to confess judgment is a familiar common law security. The entry of judgment by cognovit thereunder is a proceeding according to the course of the common law, which courts of common law jurisdiction have ofttimes entertained in the ordinary exercise of their authority as general jurisdiction; but in all states where the reform code of civil procedure has been adopted this method of entering judgment has been entirely abrogated, and a specific mode of obtaining judgment by confession has been enacted. But in code as well as common law states it has been uniformly held that a judgment by confession must conform strictly to the statute, and can exist only by statutory authority. This court long ago maintained the doctrine that a judgment by confession, obtained in any other manner than that directed by our statutes, is null and void, and that the action, even after the entry of such void judgment, is still pending and undetermined. *Bacon* v. *Raybould*, 4 Utah 357, 10 Pac. 481, and 11 Pac. 510. But appellant contends that judgment in this case was not a judgment by confession, but that respondents, by signing the note, simply delegated to another person, to be named by the creditor, the powers which they, as debtors, could otherwise themselves lawfully have exercised. In the first place, if the judgment in this case is not a judgment by confession, it is absolutely nothing. In the second place, the position taken by appellant in this proposition assumes as settled the very question at issue in this case.

We think that parties cannot, either by signature of one or by the signature of all to any kind of contract, vary the rules of procedure of courts expressly established by the code. The only method of obtaining a judgment by confession in this state is the one pointed out by our statute. Comp. Laws, §§ 3767-3770. The very object of enacting the code was to confine parties, so far as legal procedure is concerned, to the method prescribed in the code. And defect in the proceedings, or material departure from the statutory provisions, would render a judgment absolutely void. And it will not do to say that such a judgment is merely voidable, and cannot be set aside unless the party against whom such judgment is attempted to be taken can show equities which will appeal to the court. Until the statute regarding judgments by confession has been substantially complied with, no judgment of any kind exists. It is true that what appears to be such judgment is actually rendered, and it would require the action of some person to set such entry aside; but it would have no more effect, so far as the rights of the parties are concerned, than if the clerk of a court of record should enter a judgment by default before the time for answering the complaint had actually expired. We think the court below properly entered an order setting the judgment aside. Judgment affirmed.

ZANE, C. J., concurs.