Stafford v. Clouthier, 22 N. M. 157.

---

[No. 1827, July 17, 1916.]

## STAFFORD et al. v. CLOUTHIER.

### SYLLABUS BY THE COURT.

A motion to vacate or set aside a judgment is addressed to the sound legal discretion of the trial court on the particular facts of the case, and the determination of the trial court will not be disturbed on appeal unless it is plain that there has been an abuse of such discretion.

Error to District Court, Colfax County; T. D. Leib, Judge.

Action of Josephine A. Clouthier against John Stafford and another. Motions to set aside a judgment for defendants were denied, and defendants bring error. Affirmed.

L. S. WILSON of Raton, for appellants.

The trial court erred in not setting aside the judgment on motion.

Griswold v. Lee, 47 N. W. 955; Heinneman v. Leclair, 51 N. W. 1101; Southern Railway Co. v. Planters F. Co., 68 S. E. 95; Blackwood v. Cutting P. Co., 12 Pac. 493; Rodriquez v. Espanosa, 25 S. W. 669; Bast v. Hyson, 32 Pac. 997; Boutin v. Catlin, 77 N. W. 910; Collier v. Fitzpatrick, 57 Pac. 181; Morse v. Callantine, 47 Pac. 635; Tiedeman v. Dry Dock Company, 70 N. Y. S. 819; McGowan v. Kreline, 48 Pac. 980; People v. Britt, 79 N. Y. S. 709; Savings Bank v. Schell, 76 Pac. 250; Rabinowitz v. Harowitz, 91 N. Y. S. 11; Mutual Insurance Co. v. Krohle, 61 N. Y. S. 944; Campbell v. Lumley, 52 N. Y. S. 684; Travelers Ins. Co. v. Arant, 40 S. W. 853; Hull v. Vining, 49 Pac. 537; Dunlop v. Schubert, 72 N. W. 350; Melde v. Reynolds, 61 Pac. 932; Grady v. Donahou, 41 Pac. 41; General Accident Ins. Co. v. Lacey, 151 S. W. 1170; Clark v. Orjharzabal, 61 Pac. 1119; Roberts v. Wilson, 84 Pac. 216; Barto v. Sioux City Milling Co., 93 N. W. 268; Hermanie v. Cunningham, 69 N. W. 311; Fullwiler v. Hogsback C. M. Company, 23 Pac. 65; Beatty v. O'Conner, 5 N. E. 880.

W. R. HOLLY of Springer, for appellee.

No error in denying the motion to set aside the judgment.

3 C. J. 521; 2 Cyc. 600.

Motion to vacate suspended the final judgment.

Dye v. Meece, 16 N. M. 191, 193; Sacramento V. Irr. Co. v. Lee, 15 N. M. 567, 578.

Unless disposition is made of the motion appeal or writ of error does not lie.

Memphis v. Brown, 94 U. S. 717; 3 C. J. 1054.

## OPINION OF THE COURT.

HANNA, J.—This was an action in replevin instituted in the district court of Colfax county, by Josephine A. Clouthier, against the plaintiffs in error in this court, seeking to recover certain personal property, or the market value thereof, alleged to be the property of the plaintiff and at the time of the institution of the suit in the possession of the defendants. In due course an answer was filed, denying that plaintiff was the owner or entitled to possession of the property in question, and setting up other matters material to the issue. This answer was filed on the 15th day of November, 1912. On the following day the attorney for the plaintiff addressed a letter to Mr. J. H. Crist, attorney for the defendants, advising that on that day the case was set for trial by the court on the 29th day of the same month. It appears that Mr. Crist had written the attorney for the plaintiff that he would be required to attend the term of court in Rio Arriba county, and would be in attendance upon this court for a period of two weeks. Mr. Holly, the attorney for plaintiff, thereafter, on the 16th day of November, forwarded a stipulation, unsigned by him, to the effect that the case would be taken up in vacation without a jury, counsel for plaintiff agreeing not to press the matter for trial on the 29th if such stipulation was entered into, and requesting that the stipulation be promptly signed and returned, and that a wire be sent him, advising as to the signing of the stipulation. This was for the purpose of avoiding the necessity of having the case go over for the term, and apparently to avoid necessity of bringing in witnesses for the trial at the term in case the stipulation was entered into providing for a later trial before the court. Mr. Holly, in order to be certain that his communication should reach Mr. Crist, promptly mailed a copy of the letter and stipulation to Mr. Crist's office at Santa Fé, and another copy of the same to Tierra Amarilla, where the district court of Rio Arriba county was sitting. Not hearing from Mr. Crist before the date

set for the trial of the case, Mr. Holly secured a judgment against the defendants. On the 3d day of January, 1915, Mr. Crist, on behalf of the defendants, moved to vacate the judgment, and moved for a new trial, setting up: First, that the trial was had without due notice to the defense and contrary to the terms of the stipulation between counsel; secondly, upon the ground that the judgment was improvidently rendered because of an alleged variance between the allegations of the complaint and the testimony given in support thereof. This motion was supported by several affidavits, most of them going to the merits of the defense to the action, and the affidavit of counsel, Mr. Crist, setting up that he did not receive the letter and stipulation from Mr. Holly until the 26th day of November, 1912, or three days before the date set for trial of the cause, further stating that he was unable to give a reason for the delay in the receipt of the communication in question, and that he promptly signed this stipulation, but, being busily engaged in the trial of other causes then before the court, overlooked the request of Mr. Holly that he be advised by wire as to the signing of the stipulation; that he did not learn of the judgment which had been taken until the 17th or 18th day of December. when- he received a letter from Mr. Holly, advising him relative thereto, whereupon he promptly sought to have the judgment set aside, and filed a motion for such purpose on the 30th day of January, as indicated. A supplementary motion to set aside the judgment was later filed, setting up two grounds tending to show a good cause of defense to the action. The motions in question were not disposed of until the 15th day of May, 1915, at which time both motions were denied.

On the hearing upon the motions referred to, affidavits and a number of letters were presented for the consideration of the court, and the matter was evidently carefully and fully inquired into by the district judge. While defendants in error have moved to dismiss the appeal in this court on a number of grounds, we prefer to consider the matter upon its merits, as we feel that we should do so under the circumstances of this case.

The plaintiffs in error have assigned numerous grounds of error, all, however, having to do with the action of the district court in denying the motion to vacate the judgment.

While the facts of this case are not quite analogous to the numerous cases to be found in the books dealing with the setting aside of default judgments or refusal to vacate such judgments, because in this case the defense had filed an answer and had been advised of the setting of the case for trial, and had through inadvertence or neglect defaulted in appearance at such trial, nevertheless it seems clear to us that the same rule should apply to this case as to ordinary defaults, and, in fact, it seems to be well settled that a motion to vacate or set aside a judgment is addressed to the sound legal discretion of the trial court on the particular facts of the case, and the determination of the trial court will not be disturbed on appeal unless it is plain that there has been an abuse of such discretion. 23 Cyc. 895. This being the rule it would seem to be only necessary to inquire whether or not the district judge has abused his discretion under the facts of this case. It does not appear that any effort was made to take undue advantage of defendants or counsel. Although no notice is required of the setting of cases during the term time, yet counsel for defendants were advised, 13 days before the trial, not only that the case had been set, but that counsel for the plaintiff did not desire to have it go over the term unless it was stipulated to waive a jury, in order that an early disposition of the case might be had as provided for by the terms of the stipulation. Had counsel for the defense accepted the terms of this agreement, and advised concerning his acceptance, within the time limited, as he could have done, no difficulty would have arisen, so that it would seem to be clear that counsel for the defense was to blame for the condition which resulted.

Counsel for plaintiffs in error have cited numerous cases, which we have examined, nearly all of which are based upon state statutes permitting the setting aside of default judgments for excusable neglect or equivalent cir-

cumstances under the terms of the statute. We do not believe that these cases, however, change the general rule which we have set out, and which vests in the trial court a legal discretion to be measured by the facts of the case.

In view of all the conditions as we see them, we cannot say that the trial court was guilty of an abuse of discretion in denying the motions to set aside this judgment, and we therefore affirm the judgment of the district court; and it is so ordered.

ROBERTS, C.J., and PARKER, J., concur.