First Nat. Bank v. Baker, 25 N. M. 208.

[No. 1973, April 4, 1919.]
# FIRST NAT. BANK OF LAS CRUCES v. BAKER et al.

### SYLLABUS BY THE COURT.

1. A warrant of attorney given as security to a creditor, accompanying a promissory note, confers a valid power and authorizes a confession of judgment in any court of competent jurisdiction in an action to be brought upon said note.
P. 210

2. Our cognovit statute, sections 3071-3078, Code 1915, does not cover the same field as that occupied by the common-law practice of taking judgments upon warrant of attorney, and does not impliedly or otherwise abrogate such practice.      P. 211

3. The practice of taking judgments upon warrant of attorney as it was pursued in this case is not against any public policy of the state as declared by its laws.      P. 213

Appeal from District Court, Dona Ana County; Medler, Judge.

Creditor's bill by the First National Bank of Las Cruces against D. F. Baker and others. Demurrer to answer overruled, and bill dismissed, and plaintiff appeals. Reversed and remanded, with instructions to sustain the demurrer.

M. W. STANTON, of El Paso, Tex., and HOLD & SUTHERLAND, of Las Cruces, for appellant.

Judgment rendered upon judgment notes was valid.

Black on Judgments, Art. 170; Secs. 3071 to 3078 Code 1915; 23 Cyc. 704; Heslip v. Anderson, 134 Ill. App. 8; Black on Judgs. Art. 67; 23 Cyc. 699; Packer v. Roberts, 140 Ill. 9, 29 N. E. 688; Victor v. Johnson, 148 Pa. St. 583, 24 At. 173.

Judgment by confession may be entered upon written authority called a warrant or power of attorney, * * * *except where this method is prohibited by statute.*

23 Cyc. 703; Aultman, etc., Co. v. Mead, 109 Ky. 583, 60 S. W. 294; Hudson v. McMahon, 550 S. W. 259;

Jemison v. Freed, 50 Sou. R. 52; Keenan v. Blue, 240 Ill. 177, 88 N. E. 553; McCaul v. Thayer, 35 N. W. 353; See authorities cited in Notes 26 and 27, 23 Cyc. 703; Black on Judgments, Secs. 51 and 61.

J. H. PAXTON, of Las Cruces, for appellee D. F. Baker.

The judgment, obtained as this one, is contrary to public policy.

First Nat. Bank v. White, 120 S. W. 36, 132 Am. St. R. 612; Mason v. Ward, 667 Atl. 820; Chappel v. Chappel, 64 Am. Dec. 497; Woods v. Bryan 44 Am. St. R. 692; Gardner v. Bunn, 7 L. R. A. (N. S.) 729; Sutherland on Stat. Const. Sec. 326; In re. Atty. Gen. 2 N. M. 55; Smith v. Stevens, 10 Wall. 321.

J. F. BONHAM, of Las Cruces, for appellee W. H. Baker.

### OPINION OF THE COURT.

PARKER, C. J. A rehearing has been granted in this case, and the case reargued and resubmitted. Upon more mature consideration we are constrained to recede from our former position, taken in the opinion heretofore handed down. The notes upon which the original judgment was founded contained a warrant of attorney to the effect that the maker thereof authorized and empowered any attorney of any court of record at any time after the notes became due to appear for him in any action or suit on such notes in any court of competent jurisdiction, and waive the issue and service of summons, and to confess judgment against him in favor of the payee, or any holder of said notes, for the sum due thereon, including interest, costs, and expenses of collection and a 10 per cent. attorney's fee, and thereupon to release all errors. A regular verified complaint was filed in the district court of Dona Ana county, and thereupon an attorney of said court appeared for the defendant, D. F. Baker, and waived the issuance and service of summons and confessed judgment against the

defendant, as in said notes provided. Thereupon a regular judgment was entered by said court for the amount due upon said notes.

Thereupon this proceeding was instituted, which is in the nature of a creditor's bill, seeking to reach hidden assets alleged to be owned by the defendant Baker. The defendant answered the bill, setting up that the judgment was obtained upon what is commonly known as a judgment note, and alleged that no summons, citation, or process was served on said defendant, and that he never appeared in said action, and that he had no notice of the filing or pendency of said action until after the rendition of the judgment therein. A demurrer to the answer of the defendant was overruled upon the ground that it stated a good defense to the judgment, upon the theory that the judgment was obtained without jurisdiction over the defendant. The plaintiff elected to stand upon its demurrer and declined to plead further, whereupon the cause was dismissed and an appeal was taken to this court, which is the present case before us.

[1] It appears from the foregoing facts that the sole question is as to the validity of a judgment entered upon a warrant of attorney of this kind contained in a promissory note. That this form of security, given by a debtor to his creditor, was a familiar one at common law, and was firmly established as a common method of obtaining judgments from sums of money due upon notes, bonds, etc., is clearly shown by all of the ancient writers on that subject. Thus Mr. Chitty, speaking on judgments on warrant of attorney, says:

"How or when this peculiar security for a debt, authorizing a creditor as it were, per saltum, to sign a judgment and issue execution, without even issuing a writ, was first invented, does not appear, but it has now become one of the most usual collateral securities on loans of money, or contracts to pay an annuity, and for debts, but usually accompanied with some other deed or security." 2 Chitty's Gen. Prac. 334.

"As the nature of this security enables the creditor to sign judgment and issue execution per saltum, without affording the debtor any opportunity of pleading illegality or other ob-

jection the Courts of King's Bench and Common Pleas, although varying in some respects in their practice on the subject, have always considered it necessary to control the security, by interfering on affidavit and motion to set it aside. * * *" 2 Chitty's Gen. Prac. 335.

"A warrant of attorney is more frequently given independently of any action, and very generally as a prospective security, and although at the time it is executed nothing is due from the party." 3 Chitty's Gen. Prac. 669.

Mr. Tidd on this subject says:

"The security usually given by the defendant to the plaintiff, on compromising an action, and which is also frequently given where no action is depending, is a warrant of attorney, so called from its authorizing the attorney or attorneys, to whom it is directed, to appear for the defendant and receive a declaration, in an action to be brought against him, and thereupon to confess the same action, or suffer judgment therein to pass by default." 1 Tidd's Prac. 545.

"The judgment upon a warrant of attorney, being in debt, is always final, and signed in like manner as a final judgment by confession or default in an adverse suit, which will be treated of in the next chapter." 1 Tidd's Prac. 556.

That such a practice has been recognized in this country as a part of the common law, see the following cases: Parker v. Poole, 12 Tex. 86; Crosby v. Washburn, 66 N. J. Law, 494, 49 Atl. 455; Hellyer v. Baldwin, 53 N. J. Law, 141, 20 Atl. 1080; Cross v. Moffat, 11 Colo. 210, 17 Pac. 771; Bush v. Hanson, 70 Ill. 480; McClish v. Manning, 3 G. Greene (Iowa) 223.

In a few states doubt has been expressed as to whether this common-law remedy ever existed therein, but in nearly all of the states where the question has arisen it has been accepted as a matter of course that it was a part of the common law of this country. See, also, 15 R. C. L. title "Judgments," § 92; 2 Freeman on Judgments, § 545.

[2] It would seem, therefore, that it requires no argument, for the proposition that, in this jurisdiction where we have adopted the common law, judgments by confession upon a warrant of attorney are valid, unless the common-law doctrine has been abrogated by statute.

Our statute relative to this subject is sections 3071-3078, Code 1915, and which are set out in full in the former opinion.

An examination of this statute will disclose that it provides for the taking of a judgment without any action pending. The judgment is to be entered by the clerk without the knowledge or direction of the judge. The only pleading contemplated is a verified statement in writing, to be signed by the defendant in person and filed and entered by the clerk.

The practice pointed out by the statute differs entirely from the practice at common law of taking judgments by confession, or upon warrant of attorney. The common law practice is described by Mr. Chitty as follows:

"When a writ has already been issued against a defendant, a cognovit actionem, or, in other words, a written confession of the action, subscribed by the defendant, but not sealed, and authorizing the plaintiff to sign judgment and issue execution usually for a named sum, is a very usual mode of saving the expense of further proceedings in the action, though, when no writ has been issued, the more usual security, having the same effect, is a warrant of attorney." 3 Chitty's Gen. Prac. p. 664.

Mr. Tidd says on this subject:

"When the defendant, having no merits, cannot compromise or compound the action, it is usual for him to confess it, or let judgment go by default. The objects proposed by confessing an action are two-fold: First, in an action for damages, to save the expense of executing a writ of inquiry; and, secondly, to obtain terms, such as a stay of execution, etc. And the confession, or as it is usually called, from the entry of it, a cognovit actionem, is either before or after plea pleaded; in the latter case, the plea being withdrawn, it is called a confession or cognovit actionem relicta verificatione." 1 Tidd's Prac. 558.

In some of the states a cognovit statute like ours is held to be exclusive of all other methods of taking a judgment by confession, upon the theory that, where a method is provided by statute to do a certain thing, it is exclusive, by implication, of any other method. Utah National Bank v. Sears, et al., 13 Utah, 172, 44 Pac. 832, is an ex-

ample of this holding. So also is the case of Bank v. White, 220 Mo. 717, 120 S. W. 36, 132 Am. St. Rep. 612, 16 Ann. Cas. 889. On the other hand, in Cross v. Moffat, 11 Colo. 210, 17 Pac. 771, it is held that the provisions of their Code, pointing out a mode for obtaining judgments without action, do not inhibit pursuing the common-law remedy of taking a judgment upon a warrant of attorney when authorized by the contract of the parties themselves.

The Colorado holding is undoubtedly correct. If the statute is to be held exclusive of all other methods of taking judgments by confession, some absurd results will follow. In an action regularly commenced by the filing of a complaint and service of process or voluntary appearance, the defendant may not in person confess the action in open court, nor authorize his attorney, either verbally or by warrant of attorney, to confess the same, but he must file in the clerk's office the verified statement mentioned in the statute, and the clerk, not the court, must cause the judgment to be entered. We are not prepared to entertain such an absurd proposition. And in fact the statute in terms relates to a proceeding without any action and does not relate to proceedings in court. In this case an action was commenced by the filing of a complaint. See section 4088, Code 1915, which provides that actions are commenced by the filing of a complaint. The action was in the nature of an adversary proceeding and was in no sense a consent proceeding, as contemplated by the statute.

[3] In some of the states the judgments upon warrants of attorney are condemned as being against public policy. Farquhar Co. v. Dehaven et al., 70 W. Va. 738, 75 S. E. 65, 40 L. R. A. (N. S.) 956, Ann. Cas. 1914A, 640, and Bank v. White, 220 Mo. 717, 120 S. W. 36, 132 Am. St. Rep. 612, 16 Ann. Cas. 889, are examples of such holding. By just what course of reasoning it can be said by the courts that such judgments are against public policy we are unable to understand. It was a practice from time immemorial at common law, and the common

law comes down to us sanctioned as justified by the reason and experience of English-speaking peoples. If conditions have arisen in this country which make the application of the common law undesirable, it is for the Legislature to so announce, and to prohibit the taking of judgments of this kind. Until the Legislature has spoken along that line, we know of no theory upon which such judgments can be declared as against the public policy of the state. We are aware that the argument against them is that they enable the unconscionable creditor to take advantage of the necessities of the poor debtor and cut him off from his ordinary day in court. On the other hand, it may be said in their favor that it frequently enables a debtor to obtain money which he could by no possibility otherwise obtain. It strengthens his credit, and may be most highly beneficial to him at times. In some of the states these judgments have been condemned by statute, and of course in that case are not allowed.

Our conclusion in this case is that a warrant of attorney given as security to a creditor accompanying a promissory note confers a valid power, and authorizes a confession of judgment in any court of competent jurisdiction in an action to be brought upon said note; that our cognovit statute does not cover the same field as that occupied by the common-law practice of taking judgments upon warrant of attorney, and does not impliedly or otherwise abrogate such practice; and that the practice of taking judgments upon warrants of attorney as it was pursued in this case is not against any public policy of the state, as declared by its laws.

It follows from the foregoing that the district court was in error in overruling the demurrer of the plaintiff to the defendant's answer, and should be reversed, and the cause remanded, with instructions to sustain the demurrer and to proceed in accordance with this opinion; and it is so ordered.

ROBERTS and RAYNOLDS, J.J., concur.