[Civ. No. 4852. Second Appellate District, Division One.—February 17, 1925.]

In the Matter of the Estate of JENNIE W. SNYDER, Deceased. JOHN W. SNYDER, Appellant; RAY L. RILEY, State Controller, Respondent.

[1] INHERITANCE TAX—TRANSFER INTER VIVOS—SERIOUS ILLNESS OF GRANTOR—KNOWLEDGE—FINDING—EVIDENCE.—In this proceeding involving the question whether a transfer of property made by a mother to her son is subject to inheritance tax, the evidence is sufficient to sustain a finding not only concerning the fact of serious illness of the mother, but to include the further fact that the mother knew that she was in failing health.

[2] ID.—PHYSICAL CONDITION OF GRANTOR AT TIME OF MAKING DEED—KNOWLEDGE—FINDING—EVIDENCE.—In such proceeding, there is sufficient evidence to sustain the finding that at the time of making the deed (which was one month and fifteen days before the mother died), and at all times thereafter, the mother realized the seriousness of her condition and was fully aware during all of said time of the mortal character of her ailment.

[3] ID.—BURDEN OF PROOF.—The burden of showing that a transfer is subject to a collateral inheritance tax is upon the state.

[4] ID.—CONTRACTS—DEED—CONTEMPLATION OF DEATH—EVIDENCE—INFLUENCES—FINDINGS—APPEAL.—In such proceeding, it is not necessary that the mother should have made a direct statement of her motives in transferring some of her property to her son. Where the circumstances shown are such as in the mind of a reasonable man might justify the inference that in coming to an agreement with her son in reference to the property several months before making the deed, as well as in making said deed, she was actuated by the contemplation of death, that will be sufficient to sustain the court's finding to that effect; and the appellate court will not undertake to decide the fact contrary to the evidence and inferences therefrom which are thus justified.

[5] ID.—TRANSFER—CONTEMPLATION OF DEATH—MEANING OF.—The phrase "in contemplation of death," as used in the Inheritance

2. See 26 R. C. L. 225.
4. Succession tax upon gift in contemplation of death, notes, 14 Ann. Cas. 109; Ann. Cas. 1915B, 1089; 18 L. R. A. (N. S.) 458, 46 L. R. A. (N. S.) 790.

When transfer deemed to be one in contemplation of death, within the meaning of the inheritance tax laws, notes, 7 A. L. R. 1028; 21 A. L. R. 1335.

Tax Act, does not mean that the transfer in order to be taxable must be made with a sense of impending death.

[6] ID.—WILLS—CONTEMPLATION OF DEATH.—A will is made in contemplation of death, but not necessarily, or even most frequently, under pressure of the knowledge that death is near.

[7] ID.—CONTEMPLATION OF DEATH—EVIDENCE.—The mere fact that a person is much advanced in years or not in good health is not alone sufficient to prove that a transfer made by him of his property was made in contemplation of death. If it sufficiently appears that interests having relation to the ordinary affairs of life, rather than death, constituted the primary and controlling consideration for the making and ultimate consummation of an agreement to transfer property, the transfer will not be subject to the tax.

[8] ID.—DEED—CONSIDERATION—GIFTS—FINDINGS.—In such proceeding, where the evidence clearly warranted the trial court in finding that the conveyance was made without adequate consideration as defined by section 2 of the Inheritance Tax Act ("A consideration equal in money or in money's worth to the full value of the property transferred"), it was unimportant that the trial court determined that the transfer was made by a gift deed.

(1) 37 Cyc., p. 1567, n. 56.   (2) 37 Cyc., p. 1567, n. 56.   (3) 37 Cyc., p. 1567, n. 54.   (4) 37 Cyc., p. 1583, n. 90.   (5) 37 Cyc., p. 1567, n. 54.   (6) 40 Cyc., p. 1077, n. 73.   (7) 37 Cyc., p. 1568, n. 60.   (8) 37 Cyc., p. 1568, n. 60.

APPEAL from an order of the Superior Court of San Diego County imposing inheritance tax. W. P. Cary, Judge. Order affirmed.

The facts are stated in the opinion of the court.

Sloane & Sloane for Appellant.

Ralph W. Smith for Respondent.

CONREY, P. J.—This appeal is taken by John Whiteley Snyder, a son of the decedent Jennie W. Snyder, from an order of the superior court of San Diego County, imposing upon him an inheritance tax of $7,500 because of a conveyance made to him by his mother, prior to her death, of certain real property, here briefly designated as the Snyder

7. See 24 Cal. Jur. 456, 457.

Block. The same order fixed a tax of $17,377.78 to be paid by him on other properties to which he has succeeded under her will. The correctness of this portion of the order is undisputed. The contest in the court below and the object of this appeal is to determine whether or not the conveyance *inter vivos* of the mother to the son falls within the provisions of the Inheritance Tax Act. It is the contention of the grantee that it does not, for the reason that it was not made in contemplation of death. That it took effect in possession and enjoyment before the death of the grantor is not disputed.

The court found, however, that the conveyance was made in contemplation of death and without adequate or valuable consideration. The contention on which this appeal is based is that such finding is entirely unsupported by the evidence.

The deed of conveyance in question was executed on the twenty-fourth day of November, 1922. Mrs. Snyder died on the ninth day of January, 1923. The property covered by this deed comprised less than one-tenth of her estate. She did not make a will disposing of the large residue of her property until January 2, 1923.

The court found that the deed, although dated November 24, 1922, was not delivered until a few days thereafter; that the transfer of said Snyder Block by decedent to her said son, and all negotiations and agreements in relation or appertaining to the transfer thereof were made without valuable or adequate consideration and, within the purview of the Inheritance Tax Act of California, in contemplation of the death of the grantor; that no consideration was paid by the grantee or by any other person on his behalf to the grantor for said property. The court further found that for a period of one year immediately prior to decedent's death she was ill and suffering from a fatal ailment from which she died, and that said decedent at the time of the making of said deed, to wit, November 24, 1922, and at all times thereafter, realized the seriousness of her condition and was fully aware during all of said time of the mortal character of said ailment.

The Inheritance Tax Act of 1921 provides for the imposition of the tax upon a transfer of property (when not exempt under certain conditions not applicable here), "when

the transfer is of property made by a resident . . . by deed, grant, bargain, sale, assignment or gift, made without valuable and adequate consideration (i. e., a consideration equal in money or in money's worth to the full value of the property transferred) ; (a) In contemplation of death of the grantor, vendor, assignor or donor.'' It is further provided therein that 'the words ''contemplation of death,'' as used in the act, ''shall be taken to include that expectancy of death which actuates the mind of a person on the execution of his will, and in nowise shall said words be limited and restricted to that expectancy of death which actuates the mind of a person making a gift *causa mortis;* and it is hereby declared to be the intent and purpose of this act to tax any and all transfers which are made in lieu of or to avoid the passing of property transferred by testate or intestate laws.''

Appellant contends that there is nothing shown in the evidence to indicate that Mrs. Snyder contemplated a fatal termination of her malady, or was governed or influenced thereby in any management of her business or disposition of her property up to within a few days of her death. Appellant concedes that the testimony of the witness Mrs. Clarkson, notwithstanding that there is conflicting evidence, ''is possibly sufficient to render immune from review the finding of the court that Mrs. Snyder's health was failing during the year prior to her death.'' [1] We think that the evidence of the witness is sufficient to sustain that finding not only concerning the fact of serious illness, but to include the further fact that Mrs. Snyder knew that she was in failing health. Mrs. Clarkson lived with Mrs. Snyder for about four years immediately prior to Mrs. Snyder's death. Mrs. Clarkson was one of the household from October 6, 1918, until March 5, 1923. She testified that during the last year Mrs. Snyder's health failed rapidly, and that Mrs. Snyder told her that she had kidney trouble and dropsy. She saw Mrs. Snyder at the hospital many times between the 4th of November, 1922, when Mrs. Snyder for the last time went to the hospital, and the time of her death at that place. [2] We are satisfied that there is evidence sufficient to sustain the finding of the court that at the time of making said deed, to wit, November 24, 1922, and at all times thereafter, decedent realized the seriousness of her

condition and was fully aware during all of said time of the mortal character of said ailment. According to the certificate of death, Mrs. Snyder's physical ailments included a chronic disease of the kidneys, and her age was seventy-seven years. While it appears that she did not execute a will until one week before her death, it also is in evidence that during the preceding two years she had taken counsel on that subject and had caused certain outlines or drafts of a will to be prepared for her.

But appellant then says that even conceding that his mother was contemplating death at the time when the deed was executed, yet the execution thereof was not an act done in contemplation of death, because the transaction was one which merely carried into effect a previous contract which had been entered into months earlier, and that both parties had entered into performance, and in part had performed, the conditions of that contract.

The evidence discloses that appellant was a teacher, and had been living away from San Diego County; that for several years Mrs. Snyder had been making efforts to induce appellant to give up his work as a teacher and assist her in the management of her property. There is evidence that she had expressed an intention to give the Snyder Block to appellant if he would comply with her wishes concerning these matters. This he did not do until August, 1922. It is admitted by him that in thus changing his plans he did so partly because of the realization of his mother's advancing years and failing strength. Assuming this to be so, it may well be that Mrs. Snyder on her part was also influenced by her own knowledge of her advancing years and failing strength. And if this be so, it is a much shorter step to infer that together with the contemplation of her age and weakness, she also was thinking of the end of life, or, in other words, was acting in contemplation of death. [3] We are not unmindful of the rule, that the burden of showing that a transfer is subject to a collateral inheritance tax is upon the state. (*Estate of Minor,* 180 Cal. 291 [4 A. L. R. 456, 180 Pac. 813].) [4] But it is not necessary that the decedent should have made a direct statement of her motives. If the circumstances shown are such as in the mind of a reasonable man might justify the inference that in coming to an agree-

ment with her son, as well as in making said deed, she was actuated by the contemplation of death, that will be sufficient to sustain the court's finding to that effect; for of course it is well understood that on appeal this court will not undertake to decide the fact contrary to evidence and inferences therefrom which are thus justified. [5] The phrase "in contemplation of death," as used in the statute, does not mean that the transfer in order to be taxable must be made with a sense of impending death. (*Estate of Pauson,* 186 Cal. 358, 364 [199 Pac. 331].) [6] A will is made in contemplation of death, but not necessarily, or even most frequently, under pressure of the knowledge that death is near.

[7] The mere fact that a person is much advanced in years or not in good health is not alone sufficient to prove that a transfer made by him of his property was made in contemplation of death. If it sufficiently appears that interests having relation to the ordinary affairs of life, rather than death, constituted the primary and controlling consideration for the making and ultimate consummation of an agreement to transfer property, the transfer will not be subject to tax. (*Estate of Minor,* 180 Cal. 291 [4 A. L. R. 456, 180 Pac. 291].) In the cited case the transfer in question was made pursuant to an antenuptial agreement, and was held to be not made in contemplation of death, notwithstanding that the transferor was seventy-eight years old at the time of the marriage; that the controlling consideration of the transfer being the marriage, that circumstance necessarily excluded the idea that a desire to make a testamentary disposition was in a substantial sense a direct cause of the transfer.

In the case at bar, appellant relies upon the principles announced in the Minor case, merely substituting an agreement of a different nature for the antenuptial agreement in the Minor case. The argument is that an oral agreement having been made between the mother and son, and the parties having entered upon the performance thereof, and appellant having entered upon the possession and enjoyment of the transferred property as early as October, 1922, the intention of Mrs. Snyder and the motives and purposes which controlled her mind in making the transfer must be

deemed to be the intention, purposes and motives which existed at and prior to the making of said oral agreement, and not those additional considerations which may have arisen in her mind at the time of actual execution of the deed in the latter part of November; that the court's finding that the decedent, on November 24, 1922, and at all times thereafter realized and was aware of the mortal character of her ailment, implies that the same condition of her mind in relation to that subject did not exist prior to that date; that before November 24th, notwithstanding that she knew (as shown by the testimony of Mrs. Clarkson) that she had "kidney trouble" and other physical ailments, that fact, taken by itself alone, is without force as evidence that the agreement which she made with her son, including the promise to convey to him the Snyder Block, was an agreement made in contemplation of death.

Nevertheless, we think that the evidence is sufficient to sustain the findings of the court. In addition to the facts to which we have referred, there are other items of evidence such that, when all are considered together, they reasonably justify the inference that the probability of her death in the near future, as indicated by age and disease, was an important moving cause of the agreement and transfer. In delivering the deed, she asked that it be not recorded. In writing to her son, in March, 1922, Mrs. Snyder said: "Once again I ask you if you will consider trying to look after our interests here at a salary equal to what you would receive elsewhere. I don't like the idea of turning it over to a trust or to real estate man." The letter did not mention the Snyder Block. When, some months later, appellant accepted employment by his mother, his salary was computed and paid on the same basis which that letter suggested. The court might reasonably infer that in the mind of Mrs. Snyder her transfer of the Snyder Block to appellant was a gift, and not a compensation for services to be performed by the grantee. And if she thought of the intended transfer as a gift, then under the conditions which were well understood by her there is reason in the conclusion that the transfer was made "in contemplation of death." Perhaps the opposite inference, from the facts proved, would have been so far within reason that if it had

been adopted by the trial court it would have been sustained. But assuming this to be so, we have a finding upon conflicting evidence, upon an issue of fact, concerning which reasonable and unprejudiced minds might differ; a finding which therefore must be sustained because it rests upon sufficient evidence.

[8] Appellant contends that the evidence is insufficient to support the finding of the court that the deed of transfer was a "gift deed," made without any consideration paid therefor. But it is conceded by appellant that if this finding had been confined to a declaration that the conveyance was made without the adequate consideration defined by section 2 of the Inheritance Tax Act ("A consideration equal in money or in money's worth to the full value of the property transferred"), he might not feel justified in disputing its legal correctness. Of course, this is a fair admission, since the evidence clearly warranted the court in finding that the conveyance was made without adequate consideration as thus defined. This being so, it is comparatively unimportant that the court determined that the transfer was made by a gift deed.

The order is affirmed.

Houser, J., and Curtis, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 16, 1925.

All the Justices concurred.