[Civ. No. 6805. First Appellate District, Division Two.—May 11, 1929.]

In the Matter of the Estate of FRED W. BOOLE, Deceased. FRED W. BOOLE, Jr., Executor, etc., et al., Appellants, v. RAY L. RILEY, as Controller, etc., Respondent.

A. P. Black for Appellants.

W. H. H. Gentry, Inheritance Tax Attorney, and A. W. Brouillet and Leo C. Lennon, Assistant Inheritance Tax Attorneys, for Respondent.

KOFORD, P. J. — The beneficiaries of certain trusts created by the decedent during his lifetime appeal from the judgment and order confirming the report of the inheritance tax appraiser and fixing the inheritance tax in said estate, and also appeal from the order denying appellants' motion for a new trial.

The appraiser after investigation returned his report to the probate court stating that the decedent in his lifetime, on January 10, 1920, had transferred and assigned by three deeds a large amount of property in trust for members of his family without valuable and adequate consideration and in contemplation of death. The report set forth the value of the property so transferred and the amount of inheritance tax due on account of each of such transfers. Fred W. Boole, Jr., as executor of the last will of said decedent, on behalf of himself individually and also on behalf of his mother, Dee Beck Boole, and his sister, Ruth Barbara Boole, filed written objections to said report, stating in the objections that his mother and sister were abroad and were for that reason unable personally to present their objections to the report.

A trial upon the report and objections was had before a jury, resulting in a special verdict. The jury answered "yes" to the question submitted to them, to wit: Were the trusts made in contemplation of death?

Respondent claims that the appeal should be dismissed because appellants' motion for a new trial was prematurely made. The verdict was given February 8, 1928, and on the same day appellants filed a notice of intention to move for a new trial and a written motion that the court

set aside the verdict and grant a new trial. On April 4, 1928, the court by minute order denied the motion for a new trial and on April 5, 1928, signed and filed its written findings and order confirming the report of the inheritance tax appraiser and fixing the inheritance tax in accordance with the recommendation of said report. The said notice of appeal was filed on April 10, 1928. An argument is made by respondent that the verdict was advisory only, that other issues remained for decision by the court which were not determined until the court made the order of April 5, 1928, and for these reasons the motion for a new trial was prematurely made. Appellants reply that in this particular case no other issue remained for decision because the sole objection to the report was the statement that said transfers were made in contemplation of death. Whatever should be done about the appeal from the order denying a new trial, the appeal from the order fixing the tax was in time and was permissible under Code of Civil Procedure, section 963, subdivision 3. The latter order was a judgment and under Code of Civil Procedure, section 956, the appellate court upon an appeal from a judgment may review the verdict or decision and any intermediate ruling, proceeding, order or decision which involves the merits or necessarily affects the judgment, or which substantially affects the rights of a party. Respondent has not indicated how the appellate power of this court to review all the points on appeal would in any way be restricted if the appeal from the order denying a new trial was not properly taken nor if the motion for a new trial was not properly made so long as the appeal from the final order fixing the tax is valid.

██ Appellants urge that the evidence is insufficient to support the finding that the transfer was made in contemplation of death. The entire evidence upon the issue is not set out in the briefs, although the record is perfected under the alternative method of appeal. Appellants show certain evidence of declarations of the deceased which is said to manifest a state of mind at the time of the transfers which looked forward to future years of life, freed from business worries, guarded at once against the possible mistakes into which old age might lead him, and also against the assumed extravagance of his own family. Authorities are also cited

to the effect that old age or failing health are not determinative of the question. The respondent indicates other testimony not denied in appellants' reply brief which is sufficient to support the decision. The words "contemplation of death" are defined in section 2, subdivision 4, of the Inheritance Tax Act (Stats. 1921, p. 1501), as "that expectancy of death which actuates the mind of a person on the execution of his will, and in nowise shall said words be limited and restricted to that expectancy of death which actuates the mind of a person making a gift *causa mortis;* and it is hereby declared to be the intent and purpose of this act to tax any and all transfers which are made in lieu of or to avoid the passing of property transferred by testate or intestate laws."

These facts include the following: In November, 1904, the decedent Fred W. Boole executed a will disposing of his property and setting up testamentary trusts for these appellants. He was then and subsequently interested in the subject of trusts and gave them study. On April 7, 1919, he consulted his attorney concerning testamentary disposition of stock and on April 29th concerning a proposed disposition of his estate. In July, 1919, he suffered a stroke of paralysis and he did not return to his office until October of that year. He commenced again to consult his attorney: November 21, 1919, concerning a proposed trust in favor of his wife and children; December 3, 1919, for advice about collateral inheritance taxes and other points in connection with the proposed trusts; December 18, 1919, further concerning exemptions from state and federal inheritance taxes. He continued to consult his attorney from time to time and on January 20, 1920, he executed the transfers in trust which were taxed by the order appealed from. Then eighteen days later he revoked his will of 1904 and made a new one, omitting therefrom the trusts contained in the old one, but which had now been established by the document of January 20, 1920. He died at the age of sixty-three years on August 10, 1924, of arteriosclerosis and myocarditis which the death certificate stated were of a duration of five years.

While the evidence quoted by appellants tends to show absence of fear or expectation of immediate death, it does not negative the existence of that contemplation of death which is defined in the statute and explained in *Chambers*

v. *Larronde,* 196 Cal. 100 [41 A. L. R. 980, 235 Pac. 1024]. The points explained in that case rule the present one in many particulars. The verdict is sustained by substantial evidence.

At the trial appellant Dee Beck Boole, surviving widow of the deceased, was absent from the state. Her deposition had been taken by the inheritance tax attorney at the state controller's office. The deposition, of course, was taken to obtain information showing whether the said transfers were taxable under the Inheritance Tax Act. At the trial parts of her deposition were read into evidence before the jury. The following part was read over the objection of appellants:

"Q. . . . (After describing the transfers.) It is necessary for us to determine whether those transfers were made to you in contemplation of death.

"A. I think it was only as any man would feel. He wanted to insure our safety and knowing that a stroke is always dangerous to anyone, he wanted to have everything settled before anything happened to him."

██ The question, though not in the interrogatory form, was treated as a question and sufficient in form. ██ The answer begins with the words "I think." The witness used this expression in other parts of her deposition to express a degree of recollection. It was also sufficient in form. (10 Cal. Jur. 953.) ██ The substance of the answer, however, was a conclusion of the witness with respect to what her husband had in mind when he made the transfers. If she were the sole transferee her statement would be admissible as a declaration or admission, but here there are two other transferees against each of whom a tax is levied. (*Estate of Ricks,* 160 Cal. 467, 484, 485 [117 Pac. 539], and cases cited.) Against the other appellants this statement of the witness was a conclusion and should not have been received in evidence. This point evidently gave the trial court some concern.

██ Respondent has presented and asked leave to file a supplement to the reporter's transcript which shows a conversation between the court and members of the jury immediately after recording their verdict and before their discharge. The statements of the jury in response to the court's questions are to the effect that they were not in fact

influenced by this part of the testimony. The appellants' objection to the filing of this supplement must be overruled. An appeal under the alternative method entitles each party to a full phonographic report of the proceeding at the trial omitting only such matters as may be excluded by stipulation. (Code Civ. Proc., sec. 953a.) We have, therefore, ordered the supplement filed. · Nevertheless, the substance of the supplement is not such that we can take it into consideration in determining whether the statement of Mrs. Boole thus admitted in evidence constitutes reversible error. Jurors' affidavits are not competent to show that their misconduct in reading improper newspaper articles about the cause did not influence their verdict. (*Kimic* v. *San Jose-Los Gatos etc. Ry. Co.*, 156 Cal. 379, 397 [104 Pac. 986]; *People* v. *Stokes*, 103 Cal. 193, 196, 197 [42 Am. St. Rep. 102, 37 Pac. 207].) Logically the same rule should apply to evidence erroneously submitted to them by the court. While the ruling of the cases last cited is based in part upon the old rule that from error injury was presumed it was not entirely based upon that rule. ▮ Whether the error in admitting the statement resulted in a miscarriage of justice under the present rules governing appellate courts we determine without regard to the matter in the supplement. Our examination of the record does not show us that a different verdict would have been rendered nor a different judgment entered without this error in admitting evidence. The verdict was advisory and stipulated by counsel to be advisory. The court, while expressing doubt as to the admissibility of the statement, nevertheless accepted the verdict and made its finding of fact in agreement with it. For this reason the error should be considered no more serious than if the trial was had without a jury. It has been held that errors in the proceedings before the jury rendering an advisory verdict are not so readily held to be prejudicial as where the verdict is binding upon the court. (*In re Moore*, 72 Cal. 335 [13 Pac. 880].)

▮ Requested instructions numbers IV and V were refused. They directed the jury to answer "no" to the interrogatory submitted to them in case they found that the transfers were made with certain enumerated objects in view, but not in contemplation of death. The enumerated objects included the intention of the deceased to travel and guard

against business reverses while on his travels, but there was no showing in the evidence that the trusts were made in contemplation of traveling. Refused instruction number VI could properly have been given. It was apparently taken from the language of *Estate of Snyder*, 71 Cal. App. 324, at 329 [235 Pac. 54, 56]. However, the failure to give it has not resulted in injury in view of other instructions given. The court charged the jury that the state must prove the transfers to have been made in contemplation of death, defined that expression in the terms requested by appellants, and then instructed, ''If, of course, the state has failed to establish the fact that, at the time these trusts were executed, Mr. Boole had in contemplation his death, then the verdict must be for the beneficiary.''

The court was not required to enumerate all the conditions under which the transfers would not be taxable, where it stated in effect that transfers made for any other reason than in contemplation of death would not be taxable. To the extent authorized by the evidence the court did instruct upon conditions under which transfers are not taxable. It stated ''if Mr. Boole's sole purpose in creating these trusts was to protect himself against himself, as it were, in the sense of making it impossible for him to later, in the latter days of his life, make any bad business ventures, and if, further, it was his purpose to teach practical economy, as it were, to the members of his family, those thoughts were strong in his mind, why of course it is a valid transfer and free of tax.''

The court instructed that the transfers would be taxable if the decedent was actuated at once by two kinds of motives, to wit: First, the motives last mentioned; and, second, the motive to avoid probate proceedings and deprive the state of its opportunity to collect the tax. In so doing the court referred to these two kinds of motives as ''both of them strong and in a sense impelling motives, one, as already stated, his own protection against future adversity, assisting his family, and the like, and the other the desire to defeat this Inheritance Tax Act, or to protect himself and his family against the expense of probate proceedings and the like.'' The appellants' objection to this instruction is based upon the claim that there was no evidence tending to prove the motives secondly described. The language used in the

instruction substantially follows the meaning of the language of the act, i. e., transfers "made in lieu of or to avoid the passing of property transferred by testate or intestate laws." As already pointed out, the evidence was sufficient to support the finding that the transfers were so made. The state's burden of proof is to show the motive or motives of the decedent which actuated the transfers. From the very nature of this burden, a case capable of direct proof of the issue will seldom arise. The motive will usually have to be inferred from other facts such as the acts of the decedent, the surrounding circumstances and the nature of the transfer. For these reasons the question is one which is peculiarly within the province of the trial court.

The judgment and order fixing the tax are affirmed.

Sturtevant, J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 10, 1929, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 8, 1929.

All the Justices concurred.