48 P.(2d) 1029

**HOT SPRINGS NAT. BANK v. KENNEY.**

No. 4055.

Supreme Court of New Mexico.

Aug. 27, 1935.

E. L. Medler, of Hot Springs, for appellant.

E. D. Tittmann, of Hillsboro, for appellee.

BICKLEY, Justice.

Appeal from an order denying motion to vacate judgment.

Appellee sued appellant upon a promissory note dated December 31, 1932, which is alleged to contain the following provision: "A failure to pay any of said interest within five days after due, shall, at the option of the payee or his representative, cause the whole note to become due, and we, the makers, sureties, endorsers and guarantors, and each of us, do hereby authorize and empower any attorney of any court of record, at any time after this note becomes due, to appear for us or any of us, in any action or suit on this note in any court of competent jurisdiction, and waive the issuance and service of summons and confess judgment against us, or any of us, in favor of the payee or any legal holder of this note for the sum due thereon, including interest, costs and expenses of collection, and attorney's fee, and thereupon to release all errors in said action."

Thereafter, judgment was rendered in favor of appellee for the amount found to be due and unpaid. The judgment recites that it appeared to the court: "That this action is based on a promissory note * * * in the form of a cognovit note and signed by the defendant Pete Kenney * * * said note having been placed in the hands of an attorney for collection shortly after it became due, and that after the filing of this action there was entered

in favor of the plaintiff a confession of judgment in accordance with the terms and conditions of said note, which said confession of judgment was duly signed by an attorney of this court."

Within thirty days after the entry of said judgment, defendant (appellant) moved to set aside same upon various grounds, averring a good and valid defense to the note set forth in a tendered answer, accompanied by an affidavit in support of the motion. When this motion was filed, the judgment was under the control of the court by virtue of the provisions of section 105-801, Comp. St. 1929. It was open to the movant to urge at that time all grounds which would show vice in the judgment, if indeed it were not his duty to do so. The law does not look favorably upon trying issues piecemeal. The motion was overruled and no appeal was taken. Afterwards, and within a year from its entry, the defendant filed another motion to vacate the judgment. Some of the matters alleged in this motion raised questions presented by the former motion and by new matter specifically avers that the unverified complaint set forth what purports to be a copy of the note sued on, and that the original note was not produced as evidence and filed in the cause prior to the entry of judgment. The point is urged in the motion that the court was without jurisdiction to enter the judgment without the filing of the warrant of attorney to confess judgment.

Attack was made upon the judgment in each motion to the effect that the note was void under the provisions of New Mexico Laws 1933, ch. 46, which inveighs against cognovit notes. This act by its terms speaks prospectively and the note in question was executed in 1932. The validity of proceedings under such forms of notes have been upheld by this court prior to the 1933 legislation. See Morrison v. First National Bank of Taos, 28 N. M. 129, 207 P. 62, and First National Bank of Las Cruces v. Baker, 25 N. M. 208, 180 P. 291. It is apparent that this contention of appellant is without merit.

As presented here, appellant's chief reliance for reversal is upon the proposition that it was an irregularity for the court to render judgment upon confession under a cognovit note without the production and filing in the cause the original note or other writing displaying the warrant of attorney to confess judgment. Appellant relies strongly upon an observation of this court made in Lockhart v. Rouault, 36 N. M. 310, 14 P.(2d) 268, 270. In that case, we did not have before us a judgment purporting to be by confession under warrant of attorney said to be contained in the note sued on. We remarked that if such were the case, "it would be very doubtful if judgment could be confessed under the warrant of attorney

where the obligation and the accompanying warrant were not produced and filed among the records of the proceedings," citing 34 C. J., Judgments, § 284, in support of such a view. Counsel for appellee adverts to the fact that the same text declared: "It is not necessary that the original warrant be filed; the filing of a copy thereof is sufficient." In the case at bar, the alleged warrant of attorney was set out in extenso in the complaint. It was not denied that the copy pleaded was a correct copy of the original note. Since we pronounced no holding on this subject in the Lockhart Case, it seems unnecessary to further treat of the matter in view of other considerations hereafter noted, particularly in view of the 1933 legislative declaration relative to the cognovit notes cited supra. The Lockhart Case was decided September 7, 1932, and the judgment in the case at bar was rendered in October 1933, and motions to vacate same were decided in December, 1933, and June, 1934, and it is to be presumed that the court was familiar with our intimation in the Lockhart Case and that counsel for appellant also presented it in support of appellant's motions. If our observation there made is entitled to weight, it argues that the court was satisfied with the proof presented of the due execution of the warrant of attorney, that the copy of the note in the pleadings is a true copy, or that the original warrant was in fact produced in court. Furthermore, the answer tendered by the defendant with his first motion to vacate the judgment verified by him contained the recital: "Defendant admits that on the 31st day of December, 1932, he made, executed and delivered the promissory note set up in the complaint of the plaintiff."

As heretofore stated, the court found that the note which included the warrant of attorney was "signed by the defendant, Pete Kenney." The presumption is that if there were a bill of exceptions in the record, evidence would be disclosed supporting this finding. The only thing in the record to cast a reflection upon this presumption is the ex parte affidavit of the county clerk of Sierra county who has charge of the dockets and files of the district court of said county, setting forth the docket entries in the case, which entries do not show the filing of the original note, and that no such note is among the files or papers in the case. We cannot say that such evidence offered by movant, if evidence it is, being of a negative character, is sufficient to overcome the recitals in the judgment and implications arising therefrom, and the presumptions of verity and validity which attend judgments.

It must be noted that the motions and such evidence and argument as was presented in support thereof were presented to the same judge who pronounced the judgment and who, of course, knew what

evidence had been presented in support of the allegation of plaintiff's complaint. In 34 C. J., Judgments, 580, it is said: "A motion to open or vacate a judgment is addressed to the sound legal discretion of the trial court on the particular facts of the case, and its determination will not be disturbed on appeal unless it is plain that its discretion has been abused, in accordance with the usual rule governing the appellate rule of discretionary determinations." A vast number of cases are cited in support of the text, including Stafford v. Clouthier, 22 N. M. 157, 159 P. 524.

In view of the record presented, we cannot say that the trial court was guilty of an abuse of discretion in denying the motion to set aside this judgment, and we therefore affirm the order of the district court, and it is so ordered.

SADLER, C. J., and HUDSPETH, ZINN, and BRICE, JJ., concur.