Zimmerman, J.
As we view the matter, the disposition of this case hinges on the interpretation of Section 2323.13, Revised Code (Section 11597, General Code), which reads:
“An attorney who confesses judgment in a case, at the time of making such confession, must produce the warrant of *188 attorney for making it to the court before which he makes the confession; and the original or a copy of the warrant shall be filed with the clerk.”
It is contended by defendant that such section requires the presentation of the original warrant of attorney to the court as a condition precedent to the court’s acquiring of jurisdiction over the person of defendant, and that otherwise no valid judgment by confession can be rendered. Defendant contends further that a note with warrant of attorney, which has admittedly been lost, can not be re-created or restored; that judgment by confession can not be taken thereon; and that any judgment rendered in such circumstances is void.
On its face, Section 2323.13, Revised Code, would seem to make the production of the warrant of attorney mandatory. It is well settled that a statute which relates to the essence of the thing to be done must be strictly pursued or the proceedings which it governs are a nullity. See State, ex rel. Jones, v. Farrar, 146 Ohio St., 467, 66 N. E. (2d), 531.
This court, in Haggard v. Shick, 151 Ohio St., 535, 86 N. E. (2d), 785, in approving and following two prior decisions, held that a warrant of attorney to confess judgment is to be strictly construed against the person in whose favor the judgment is given; and such holding corresponds with the rule generally prevailing. 30A American Jurisprudence, 270, Section 175. It naturally follows that the proceeding on a warrant of attorney to confess judgment should conform in every essential detail •with the statutory law which governs such a proceeding. “Confession of judgment is entirely a statutory measure and must meet the requirements thereof strictly.” Keyes v. Peterson, 194 Minn., 361, 364, 260 N. W., 518, 519.
In the case of Utah National Bank v. Sears, 13 Utah, 172, 176, 44 P., 832, it is said in the opinion:
“But in code as well as common-law states it has been uniformly held that a judgment by confession must conform strictly to the statute, and can exist only by statutory authority. This court long ago maintained the doctrine that a judgment by confession, obtained in any other manner than that directed by our statutes, is null and void, and that the action, even after the entry of such void judgment, is still pending and undetermined. *189 * * * The very object of enacting the Code was to confine parties, so far as legal procedure is concerned, to the method prescribed in the Code. And defect in the proceedings, or material departure from the statutory provisions, would render a judgment absolutely void.”
However, the complete accuracy of such statement is challenged in First Natl. Bank of Las Cruces v. Baker, 25 N. M., 208, 213, 180 P., 291, 293.
No doubt, these rules of strict construction grew out of the abuses which were perpetrated and the hardships which followed the employment of warrants of attorney to confess judgment. In a number of states (Friendly Consumer Discount Co. v. Foell, 39 N. J. Sup., 410, 417, 121 A. [2d], 434, 438), either as a pure matter of public policy or by statutory enactment, such warrants are unqualifiedly condemned and thé courts of those states will not countenance them. Thus, in the case of Farquhar & Co. v. Dehaven, 70 W. Va., 738, 75 S. E., 65, 40 L. R. A. (N. S.), 956, Ann. Cas., 1914A, 640, it was flatly held that a judgment by confession on warrant of attorney in a judgment note, without process and declaration, is void on its face. To , the same effect is First National Bank of Kansas City v. White, 220 Mo., 717, 120 S. W., 36, 132 Am. St. Rep., 612, 16 Ann. Cas., 889, where a comprehensive history of warrants of attorney to confess judgment may be found. Compare Chippewa Valley Securities Co. v. Herbst, 227 Wis., 422, 278 N. W., 872.
Counsel for the plaintiff, as did the Court of Appeals, rely on the case-of Knox County Bank of Mt. Vernon v. Doty, 9 Ohio St., 505, 75 Am. Dec., 479, in support of the proposition that the confession of judgment against defendant on the restored warrant of attorney was no more than an irregularity and did not invalidate the judgment. However, in the Knox County Bank case, there was no lost warrant of attorney indicated. That case turned on the point that neither the original warrant nor a copy thereof was filed with the clerk in conformity with the statute. No contention was made that the judgment was void, but it was contended that the failure to file the original warrant or a copy of it constituted an ‘‘irregularity” within the meaning of the statutes relating to the vacation of judgments, in the instant case, we suppose that the defendant could have urged that the *190 failure to produce the warrant was an irregularity requiring a vacation of the judgment, but that was not done. From the beginning, defendant’s one contention was that the judgment was not merely voidable but void. A situation of the kind involved in the Knox County Bank case is quite different from the one before us, where the original warrant had admittedly been lost, and its restoration was had and acted on in an ex parte proceeding.
It is our conclusion that under the wording of Section 2323.13, Revised Code, strictly construed, where the original warrant of attorney to confess judgment is not and can not be produced, the court lacks the authority and power to restore or re-establish it in an ex parte proceeding and then enter a valid judgment by confession thereon. Compare Mahoney v. Collman, 293 Pa., 478, 143 A., 186. A judgment so rendered is void. Lincoln Tavern, Inc., v. Snader, 165 Ohio St., 61, 133 N. E. (2d), 606. In an instance like the one before us, service of summons on the defendant or his entry of appearance is necessary to permit the court to proceed as was done in the present case. Defendant’s subsequent appearance in resisting revivor and in attempting to have the judgment vacated did not operate retroactively to place him before the court when the original judgment was rendered. Hayes v. Kentucky Joint Stock Land Bank of Lexington, 125 Ohio St., 359, 181 N. E., 542; annotation, 31 A. L. R. (2d), 266.
Accordingly, the judgment of the Court of Appeals is reversed and that of the Court of Common Pleas affirmed.

Judgment reversed.

Weygandt, C. J., Stewart, Tart, Matthias, Bell and Herbert, JJ., concur.