## HEADLEY and COZZENS *v.* JOSEPH L. REED.

The report of a referee under the Statute has the same legal effect as the award of an arbitrator.

A referee, has no right to bring in and file an additional or amended report. Where such amended report is filed, the case will be reviewed with reference to the original report alone.

A report which is not made immediately after the close of the testimony, by the 191st Section of the Practice Act, is deemed as excepted to.

The decision of a referee can only be set aside for fraud or gross error in law.

To allow a claim, the only evidence of which is a check drawn in favour of plaintiff by defendant, is gross error.

The legal presumption is, that a check is drawn for money due from the drawer.

The failure of a party to object to the rendition of a judgment upon a report in the Court below, is no waiver of his right to have his exceptions to the report reviewed in this Court.

If a report of a referee under the Statute contain sufficient on which to base a judgment, it is the duty of the Court below to enter judgment in accordance with the report, so far as it concerns the matter referred; and it has no right to entertain any objection whatever.

After the rendition of the judgment, the Court may award a new trial, and set aside the report for any reason that would be sufficient to set aside the award of an arbitrator, and for no other.

APPEAL from the Fourth Judicial District.

In this case Headley and Cozzens brought suit to recover for goods sold and delivered to the appellant, and for money loaned him.

The appellant denies the sale and delivery, as charged; and as to the money avers that it was in payment of an account due him.

The parties waived a trial by jury, and the Court found for the plaintiff, $575.25; upon which judgment was entered the 16th day of June, 1851. On the 19th June the judgment was opened, and the defendant allowed to come in and defend, &c.; and afterwards, on the 11th July, 1851, the case was referred to James D. Galbraith, who reported that there was due from the defendant to the plaintiff $532.40, including interest to the date,

20th July, 1851; upon which report judgment was entered on the 28th July.

The plaintiff, for proof, produced before the referee his books, which show a charge against the defendant for a case of boots, dated November, 1850; and produced a witness, who testified that he was in plaintiff's store in October, 1850, and heard Headley ask defendant when he was going to take away a case of boots; who answered, that he would take them away in a day or two. He heard like conversation between them afterwards; and plaintiff told defendant that in case of fire they would be at the defendant's risk. Witness's name is on plaintiff's books charged with goods bought by him of them: (defendant objects to the questions and to the answers, and all proofs that witness may give touching plaintiff's books:) that the charges against him were correct, so far as he had dealings with them: (objected to by defendant:) that the charge of $12.50 a pair for boots in November, 1850, was a fair price. Plaintiffs here offered their books, in which is a charge to defendant of 30 pairs boots at $12.50—$450; also 2 bottles brandy, 1st January, 1851, $2; and box sardines, $1.25—$453.25. A check on Wills & Bradley for $100, in favour of J. L. Reed or bearer, was also offered. Witness proved defendant's signature to the check. Witness did not know in whose hand-writing the entries were made in plaintiff's books. The foregoing testimony accompanies the report of the referees, with the objections as stated.

Judgment was entered on the report July 28, and afterwards, on the 28th July, the defendant filed the following statement:

"On the trial of this cause before the referee, the defendant objected to the evidence of the plaintiff as stated in the referee's statement thereof, (as above,) but the referee admitted the said testimony—and this being all the evidence introduced by the plaintiff. The defendant moved for a report and judgment in his favour; but the referee reported upon the evidence aforesaid in favour of the plaintiff, to which defendant excepts.

"Correct statement.        Jas. D. Galbraith, Referee."

July 29th.   Defendants appealed.

*Smith* and *Whelan*, for appellants.

The only evidence to sustain the charge of money loaned, was

a check drawn by the respondents in favour of the appellant for $100. And this the appellant insisted was evidence of indebtedness to him on the part of the respondent, and not of a credit by them to him.   1 Greenleaf, sect. 38.

The appellant objected to the books as evidence at all, they being evidence made by the respondents; and no proof being exhibited on their part to the entries, whether in the handwriting of themselves, or clerk, and no proof of their not having a clerk; and if they had one, what had become of him.   Books not admitted in evidence without the oath of a party, or proof of the handwriting of the person making the entries, &c.   Price v. Earl of Stonington, 1 Smith's Leading Cases, 227. 231. 241–2.   A rule admitting evidence of this kind dangerous, and not to be extended.   Ib. 231. 233–4. 238. 240–1.   The rule is a departure from the common law, and has been only adopted in a part of the States.   Ib. 241–2. 244–5.

The report of the referee was not made within ten days, and it therefore stands excepted to in all particulars.   See Practice Act, sects. 187 and 191.   Facts must be proved as laid.   Ib. sects. 60. 63. 66. 68.   In this case the allegation is a sale in February, 1851.   The proof, such as it is, is a sale in November, 1850.   There must be a contract shown, terms, consideration and delivery.   2 Kent, 492. 496. 504.   Without delivery under the Statute of Frauds, or earnest, or note in writing, a contract, if made, is void, and neither party bound thereby.   What constitutes a delivery—see Smith on Contracts, 46, in note; and 2 Stephen's Nisi Prius, 1991.   In this case there was no delivery—no note in writing, no payment by way of earnest. But under the evidence, even if delivered, the presumption is, that they were paid for.   See authorities referred to in Kent. ·

*S. W. Park,* for respondents.   The plaintiffs offered evidence before the referee, that the witness had dealings with plaintiffs, and had accounts in their books, and also that their books were honest, which was properly admitted.   Lowell v. Southerland, 11 Wend. 568; 2 Owen's Treatise, 955 to 958; Vashbury v. Thayer, 12 Johns. 461; Sickles v. Mather, 20 Wend. 72.   The books were offered in evidence and received without objection; whether there was sufficient evidence to justify their admission,

would have been passed upon by the referee if objection had been made ; that is a question this Court are not called upon to decide.   Lowell *v.* Southerland, 11 Wend. 568.   After the books were received, and defendant's counsel had examined the witness as to entries in the books, it was proper for plaintiffs to inquire from the same books, whether the charges against defendant were too high.   2 Owen's Treatise, 958.

The opinion of the Court was delivered by

HEYDENFELDT, Justice.   We decided in Tyson *v.* Wells and Skinner, that the report of a referee under the statute, had the same legal effect as the award of an arbitrator.

It therefore follows that the referee in this suit had no right to bring in and file an additional or amended report ; and the case must be reviewed with reference to the original report alone.

By that report, it does not appear that exceptions of any validity were taken before the referee, but the report was not made immediately after the close of the testimony, and consequently by the 191st section of the Practice Act, it is deemed as excepted to.

According to the rule settled in Norris *v.* Muldrow, the decision of the referee can only be set aside on account of fraud or gross error of law or fact apparent upon its face.

In this case the report discloses that the referee allowed a claim against the defendant, the only evidence of which was a check drawn in his favour by the plaintiffs.   This was certainly a great error, because the legal presumption is, that the check was drawn in payment of so much money due to the defendant. Considering the amount in controversy, this mistake is gross enough to set aside the report, and renders it unnecessary to examine the other matter of account.

The appellee's counsel insists that the defendant having failed to object to the rendition of the judgment in the District Court, has waived his right to have his exceptions to the report reviewed by this Court.   Such is not the law.   Upon the report of a referee under the statute, if it contain sufficient on which to base a judgment, it is the duty of the Court below to enter judgment in accordance with the report, as far as it concerns the matters

referred, and it has no right to entertain any objections whatever. After the rendition of the judgment, the Court may award a new trial, and set aside the report for any of the reasons which would impel a court of competent jurisdiction to set aside the award of an arbitrator and for no other.

Judgment reversed, and remanded with costs.