## ANDREW J. GRAYSON, APPELLANT, *v.* A. H. GUILD AND JOEL LIGHTNER, RESPONDENTS.

REFERENCE—REPORT ERRONEOUSLY SET ASIDE.—When a case is referred to a referee under the Statute to hear and determine the issues of fact and of law, and report the same to the Court, and he makes a report, on the face of which no errors

of law or fact appear, or if there have been any, no exceptions have been taken before him to point them out, or to show that his decision was objected to, it is erroneous in the Court below to set aside the report and grant a new trial.

IDEM—REPORT OF REFEREE AN AWARD.—The report of a referee, and the award of an arbitrator, are in all essentials the same.

APPEAL — CORRECTION OF ERROR ON.—When, in the Court below, an erroneous judgment has been entered in favor of a plaintiff on a report of a referee, [123]     and the Court erroneously sets aside the report, * and grants a new trial, from which action of the Court the plaintiff appeals, the Supreme Court, in a chancery case, will correct both errors at the same time.

IDEM.—In chancery cases, the Supreme Court, on an appeal, has full power and jurisdiction for the purposes of equity, to correct the errors of the Court below, in whatever shape or by whatever party the appeal is taken up.

APPEAL from the Superior Court of the City of San Francisco.

In this case Andrew J. Grayson filed his complaint in the nature of a bill in equity, against Albert H. Guild and Joel Lightner to compel a settlement of the affairs of the firms of Grayson & Guild, and Grayson, Guild & Lightner, praying that a receiver might be appointed to take possession of their effects, with authority to sell the stock of goods, collect outstanding claims, and pay debts, and that an account should be taken between Grayson and the said Guild and Lightner, and that the said Grayson be adjudged to have so much of the assets, as upon a taking of the accounts, he may be found entitled to, and that he may have a decree and judgment against the defendants for so much of his just demands against them as the assets of the firm will be unable to pay.

Each defendant filed a separate answer, a receiver was appointed, and by consent of all parties, on the 17th of September, 1851, the cause was referred to George W. Mc-Crea, Esq., to hear and determine the issues of fact and of law therein, and report the same to the Court.

After hearing the parties, the referee made his report, which was filed in Court on the 28th of November, 1851, finding nothing to be due from the defendant Lightner, and a balance of $4,603 49 in favor of the plaintiff, payable out of the funds or assets of the firms of Grayson & Guild, and Grayson, Guild & Lightner, as far as they will go, the deficiency, if any, being chargeable in the proportion of one-

half to the defendant Guild.   On the same day, a judgment
was entered in favor of plaintiff against the defendants
Guild and Lightner, for the sum of $4,603 49, with interest
and costs of suit.   On the same day, defendant Guild ex-
cepted to the determination of the referee, and moved
for a new trial.   On the 14th of June, 1852, the Court,
after hearing the parties on the said exception and
*motion, ordered the report of the reference and     [124]
the said judgment to be set aside, and granted a
new trial, and on the 15th of June, 1852, plaintiff appealed
from the said order.

*Thomas & Morse,* for Appellant.

The reference was general, and the finding was general,
and, therefore, should not have been set aside.   (*Tyson* v.
*Wells et als.* 2 Cal. 122.)

*J. B. Crockett,* for Respondents.

1st.   This Court cannot decide on the correctness of the
decision of the Court below in granting a new trial.   The
books of the partnership, used in evidence, and other proof,
was reported by the referee, which is not before this Court.

2d.   A general judgment is rendered against both Guild
and Lightner, although the report finds nothing due from
the latter.   A new trial should have been granted to correct
this error.

3d.   The report of the referee finds a sum to be due to
the plaintiff, to be paid out of the assets of the firms, but a
several judgment was entered against both defendants per-
sonally for the whole sum.   A new trial was properly
granted to correct this error.

4th.   Motions for new trial are addressed to the discretion
of the Judges, etc.

Mr. Ch. J. MURRAY delivered the opinion of the Court.
Mr. J. WELLS concurred.

This was a Bill in Chancery for an account between partners. The case was referred to a referee under the Statute, who made a report, upon the face of which, as far as can be discovered, there is no error of law or fact, and if any, there are no exceptions taken before him to point them out, or to show that his decision was objected to.

The Court below set aside the report, and granted a new trial, and from this order the plaintiff appeals.

The respondents insist that motions for new trial are peculiarly addressed to the discretion of the Judge who tried the cause, and that the Supreme Court will not interfere, unless in case of a manifest abuse of that discretion.

[125]     * This is certainly correct when applied to cases tried by the Judge, but has never been recognized for the purpose of setting aside the report of a referee, or the award of an arbitrator, which in all essentials, we hold to be the same in effect. On the contrary, we have invariably held the opposite doctrine.

In the case of *Tyson* v. *Wells & Skinner*, decided at the January Term, 1852, this Court, in their opinion, say:

"In the case of *Muldrow* v. *Norris*, 2 Cal. 74, we held that under our system of practice, the Court might set aside awards for fraud, mistake or accident; and it makes no difference whether the mistake be one of fact or law. And in the case of a general finding, it appears to be well settled that Courts will not inquire into mistakes by evidence *aliunde*; and from the whole tenor of the opinion in that case, it may be regarded as the settled rule that the Court will not disturb the award of an arbitrator, or report of a referee, unless the error which is complained of, whether it be of law or fact, appears on the face of the award." And further: "It follows that in the report of a referee, where neither the evidence is embodied with proper exceptions to show that he erred in fact, nor the rule of law pointed out by which he arrived at his conclusions, the Court to whom the report is made has no right to disturb it, and must hold it final and conclusive between the parties."

In the case of *Headley* v. *Reed*, 2 Cal. 322, the Court said:

" Upon the report of a referee under the statute, if it contains sufficient on which to base a judgment, it is the duty of the Court below to enter judgment in accordance with the report. After the rendition of the judgment, the Court may award a new trial and set aside the report, for any of the reasons which would impel a Court of competent jurisdiction to set aside the award of an arbitrator, and for no other."

Testing the case before us by the principles laid down in the cases we have cited, the Court below had no right to set aside the report, or to grant a new trial.

It is shown, however, that the judgment or decree of the Court upon the report is clearly erroneous. Of this we have no doubt. The Court should have decreed, first, the payment to * the plaintiff, out of the part-    [126] nership funds in the hands of the receiver, of the amount found to be due him by the report, and afterwards a distribution of the assets, and a contingent judgment for the plaintiff against the defendant Guild alone, in the event of the insufficiency of the partnership fund to pay the amount found due to him.

On account of this error in the judgment, if there had been an appeal from it, we would have found it necessary to reverse the judgment, and direct the Court below to enter a proper decree upon the report. As it is, we conceive that when a case of chancery is once before us, we have full power and jurisdiction for the purposes of equity, to correct the errors of the Court below in whatever shape, and by whatever party the appeal is brought up.

It is, therefore, ordered and decreed, that the order setting aside the report and granting a new trial, be reversed. It is further ordered that the judgment be set aside, and the Court below is hereby directed to enter a decree in this case upon the report of the referee, and in conformity with the views indicated in this opinion.