## TUOLUMNE COUNTY v. STANISLAUS COUNTY.

The appointment by the county judges of two counties, of commissioners to ascertain and settle the proportionate amount of indebtedness to be assumed by each, under a law authorizing such an appointment on the division of said counties, is the proper exercise of functions incident to their judicial position.

Such an appointment is no more objectionable, than the appointment of an arbitrator or referee.

A *mandamus* to a board of supervisors to issue a warrant for a specified sum, is irregular; it should direct them to audit the account, and issue warrants accordingly.

APPEAL from the District Court of the Fifth Judicial District, County of Tuolumne.

This was an application in the Court below, to compel the supervisors of Stanislaus county to audit the account of Tuolumne county, of $16,500, and issue a warrant therefor in favor of the treasurer of the last named county.

The petition alleges that the sum above named was ascertained and settled to be due by Stanislaus county to Tuolumne county, by a board of commissioners appointed by the county judges of the two counties, in pursuance of the law of 1854, creating the former out of the latter county; the said sum being the proportion of the previously existing indebtedness of Tuolumne county, justly devolving upon Stanislaus county.

The defendant demurred to the petition, upon the ground that the appointment of the commissioners by the two county judges was void, and that the action of the commissioners was therefore not binding on the parties. The Court below granted the application, and issued a *mandamus* commanding the Supervisors of Stanislaus county to issue a a warrant for the sum of $16,500, in favor of the Treasurer of Tuolumne county. Defendant appealed.

*Robinson, Beatty & Botts* for Appellant.

1. This is a *mandamus* directed to the Supervisors of Stanislaus

county, commanding them to issue county warrants. This, they have no authority or power to do.

2. The Act directing the county judges to appoint commissioners, is unconstitutional; consequently their act, which is the foundation of this proceeding, is void.

*Barber* for Respondent.

The proceedings in this case have been properly conducted, in accordance with section 18 of the Act of 1854, p. 193.

It is now contended that the county judge, though expressly authorized by law, could not appoint the commissioners.

The Constitution, Article III, provides that the powers of the Government shall be divided into three separate departments, and no person charged with the exercise of powers properly belonging to one of these departments, shall exercise any functions appertaining to either of the others, except in the cases hereinafter expressly permitted or directed.

Article VI, section 8, provides that the county judge, with two justices, shall hold Courts of sessions, and he shall perform such other duties as shall be required by law.

The same power (the Constitution) which created the prohibition, likewise created the exception, that the county judge should perform such other duties as should thereafter be imposed by law. One of the duties imposed by that law, was the naming of two commissioners or arbitrators, to settle the amount due from Stanislaus to Tuolumne.

Of course, the "other duties" are such as the common sense of mankind would include within the sphere of his legitimate operations.

But we contend that the appointment of commissioners and arbitrators to settle a disputed indebtedness between two counties, is evidently one of those "other duties" completely within the spirit and meaning of the Constitution.

It will be seen (Debates on the Constitution, p. 213,) that the section imposing these "other duties" on the county judge, was passed without any debate whatever, while other sections of the same Article were long and strenuously argued, affording corroborative proof that the section was understood, by the framers of the Constitution, in a common sense point of view, as including all such othes duties of a *quasi* judicial character as should thereafter be prescribed by law. Williams *v.* Thompson, January Term, 1856.

This was properly a judicial Act. It was in effect, nothing more nor less than the naming of referees or arbitrators to settle a question of indebtedness. Certainly, no legislative power was delegated to the county judge, for the Act itself contained all the necessary legislative action, and made the county judge merely the judicial vehicle of naming the commissioners ordered by the Legislature. It was not executive, for the commissioners appointed were themselves the executive power.

Giving to appellants the benefit of the decisions of this Court to their fullest extent, the case falls precisely within the doctrine laid down by Chief Justice Murray and Justice Heydenfeldt, in Dickey *v.* Hurlbut,

July Term, 1855, in which it was held that the "machinery of an election had been provided by statute, viz.: time, place and inspectors, and that the mere proclamation (by the county judge) was not of the essence or substance of the act to be done."

So in this case, the machinery, the time, place and commissioners, had been provided by statute, and the only act of the county judge was the naming of the two men.

The construction of legislative Acts particularly, is governed by the maxim, "*Ut res magis valeat quam pereat.*"

The *mandamus* was properly allowed.

*Mandamus* is the proper remedy. People *v.* McDougal, 4 Cal., 177; Rex *v.* St. Catherine's Dock Company, 4 B. & Adol., 360; 1 Nev. & Man., 121; Har. Dig. *mandamus*, 3805; 10 Wen., 363, 393; 23 ib., 45; 2 Cow., 485; 3 Barb, 332.

The opinion of the Court was delivered by Mr. Justice HEYDENFELDT Mr. Chief Justice MURRAY and Mr. Justice TERRY concurred.

By an Act of the Legislature of 1854, the County of Stanislaus was created, and was carved wholly out of the territory of the County of Tuolumne. The latter county being at the time in debt, the Act provides that a just proportion of the debt should be assumed by the newly created county; for this purpose the County Court Judges of each county are authorized to appoint commissioners to ascertain and settle the amount of indebtedness the County of Stanislaus shall assume.

It is now insisted that the power given to the county judges to appoint the commissioners is invalid, and we are referred to the case of Burgoyne *v.* The Supervisors, 5 Cal. R., where we held that none other than judicial functions, or duties of a judicial or *quasi* judicial character, could be imposed by the Legislature on County Courts or Judges.

A very learned treatise might, doubtless, be written, to show what is meant by judicial and *quasi* judicial duties and powers, but I conceive it unnecessary for the present case. It is very certain, that whenever the duty to be performed consists of the settlement and adjustment of rights between parties, it is of a judicial character, and such is the nature of the duties of arbitrators and referees. Nothing more nor less was to be performed by the commissioners contemplated by this Act, and their appointment by a judge is no more objectionable than the appointment of arbitrators or referees. If the rule which is contended for is correct, a Court could not perform a vast amount of duties which have never been denied to it as proper, and which belong to the judicial *status.* It could not appoint any of its officers or servants, nor assist in forming the jury roll, nor in drawing grand and petit jurors. The Supreme Court could not appoint their confidential clerk, nor their reporter, nor give directions in regard to the report of their decisions, nor direct the expenditure of their contingent fund, nor purchase a chair or table, nor allow the account for it if they did. To all these absurdities would the proposition lead.

The next objection made, is to the form of the mandamus, which

directs the supervisors to issue warrants. That is irregular; it should have directed them to audit the account and direct warrants to be issued accordingly. That correction will be made here, but as the appeal is frivolous and unnecessary, the appellant is taxed with the costs.