## BAKER *v.* BAKER.

The whole issue in divorce cases can not, even by stipulation of parties, be referred; and where a reference is had, the referee can not pass upon the testimony. If he make any statement or finding of facts, the Court is obliged to disregard it, and base its decree only upon the legal testimony taken.

The referee in divorce cases, under the statute, is simply a master to take testimony.

An order setting aside the findings of a referee in a divorce case, and sending the case back to the referee for further testimony, is interlocutory in its character, and not the subject of appeal.

Interlocutory orders are appealable only in the special cases provided by law.

MOTION to dismiss the Appeal, as being taken from an interlocutory order.

The facts sufficiently appear in the opinion of the Court.

*James A. McDougall* for the Appellant.

*Stanley and Hayes* for Respondent.

FIELD, J., delivered the opinion of the Court—TERRY, C. J., and BALDWIN, J., concurring.

This is a suit for divorce, and, by stipulation of parties, was referred to a referee to try the issues and report his judgment to the Court. The referee reported the testimony taken by him, with his findings of fact and conclusions of law thereon. The report, on motion of defendant, was set aside, and an order for a new trial granted. From this order the appeal is taken, and this appeal the respondent moves to dismiss, on the ground that the order is one from which an appeal does not lie.

Were the legal effect of the order what in form it purports to be, the objection would be untenable. In form it sets aside the report, and grants a new trial, but in effect it only sends the case back to the referee for further testimony. In ordinary cases, the decision of a referee upon the whole issue stands as the decision of the Court, and the entry of judgment by the clerk follows as a matter of course. The motion then to set aside the report, and for a new trial, is after judgment, and from the order made on the motion an appeal lies. (Peabody *v.* Phelps, 9 Cal., 213.) But suits for divorce are, by statute, excepted from the general rule. The whole issue in that class of cases can not be referred, even by stipulation, and the referee can not pass upon the testimony. If he make any statement or finding of facts, the Court is bound to disregard it, and base its decree "only upon the legal testimony taken in the cause." The language of the statute is: "No divorce shall be granted in any action by default of the defendant, nor on the admission or

statement of either party, but in all cases the Court shall require proof of the facts alleged as the grounds for a divorce; which proof, if taken before a referee, shall be upon written questions and answers, and free from all legal exceptions as to its competency, admissibility, and sufficiency. Nor shall it be lawful for any Court to grant a divorce upon any statement or finding of facts by a referee, but only upon the legal testimony taken in the cause." (Session Laws of 1857, 240.) The effect of the statute is to render the referee in divorce cases a simple master to take testimony. This statute both counsel and Court appear to have overlooked, and from this cause is probably to be attributed the form in which the order is entered. No decree has been rendered, and no action of the referee which was permissible under the statute has been disturbed. The testimony already taken still stands in the case. The Court has as yet determined no rights of the parties; it simply directs further testimony to be taken. From its order in this respect no appeal lies. It is interlocutory in its character, and not, therefore, the subject of appeal. Such orders are appealable only in the special cases provided by statute. They can be reviewed on appeal from the judgment. (Johnson *v.* Dopkins, 6 Cal., 83; Juan *v.* Ingoldsby, 6 Cal., 440; Buel et al. *v.* Street et al., 7 Johns., 443; De Barry *v.* Lambert, 10 Cal., ante, 503.)

Appeal dismissed.