[L. A. No. 15913. In Bank.—March 31, 1938.]

In the Matter of the Estate of JENNIE D. HART, Deceased. BARTON DARLINGTON, as Executor, etc., Appellant, v. FRANCIS D. HART et al., Respondents.

John E. Carson and William G. Randall for Appellant.

Euler & Subith and B. R. Ware for Respondents.

LANGDON, J.—This is an appeal from an order settling the final account of an executor and ordering distribution. The principal issue is whether the matter was heard by J. W. Mullin, Jr., as a referee or merely as a court commissioner.

Appellant Darlington, executor of the will, filed his first and final account, report and petition for distribution. Respondents Francis and Richard Hart served and filed separate exceptions and objections. Appellant answered and the hearing was set for November 14, 1935, and continued to November 29, 1935. At this time the matter was referred to Mr. Mullin, a court commissioner. A full hearing was had, and a number of witnesses were examined. Findings were prepared by counsel for respondent Francis Hart, properly served and filed, and on January 20, 1936, Mr. Mullin wrote counsel that the order of the court adopting his findings and conclusions as referee would be adopted by the court on January 29, unless additions or exceptions were received prior thereto. Counsel for appellant executor prepared alternative findings, which were filed January 29. On February 5th, said counsel wrote Mr. Mullin, stating that he desired to exercise rights under section 259a of the Code of Civil Procedure, in particular to except to the commissioner's report and argue his exceptions before the court. Thereafter Mr. Mullin's report, findings and conclusions of law were filed, and adopted by order of the court, which rendered judgment thereon.

The issue raised by the appeal is a simple one. The powers of a court commissioner are limited, and under sec-

tion 259a of the Code of Civil Procedure any party to a contested proceeding heard before such commissioner has a right to argue exceptions before the court after notice of motion given. If Mr. Mullin held this hearing as a court commissioner, the statutory rights of appellant were concededly violated, and the judgment cannot stand.

The position of respondents, however, is that Mr. Mullin heard the matter as a referee, under the voluntary reference provisions of the Code of Civil Procedure, sections 638–645. A referee is authorized by section 638 "to try any or all of the issues in an action or proceeding, whether of fact or of law, and to report a finding and judgment thereon". His findings are the findings of the court, and reviewable in like manner. If Mr. Mullin acted in this case as referee, the procedure was in accordance with law, and appellant's claim is untenable.

A referee may exercise these statutory powers by order of the court, upon agreement of the parties filed with the clerk or entered in the minutes. The record before us is not as full as it might be, and there is some uncertainty as to what was actually intended by the parties, but we think the circumstances are such that the uncertainty must be resolved in favor of the judgment. The minutes of the clerk, on January 9, 1936, contain the statement with respect to this cause: "Referred to J. W. Mullin, Jr." During the hearing Mr. Mullin repeatedly discussed the legal issues involved, and his intention to rule thereon. Counsel for apellant sought to leave to brief the matter, and Mr. Mullin stated that he would appreciate any brief on the law. The parties argued the law before him. At the conclusion of the hearing Mr. Mullin said, in the course of remarks concerning which was the proper party to prepare findings: "while I am hearing it as a referee, and must make a finding to the court", adding that he did not think findings would be waived. He discussed his views on the issues again at this time, and thereafter both sides prepared proposed findings and submitted them to him, whereupon he adopted those of respondents and rejected those of appellant. The judgment of the court, entitled "Order of Court adopting referee's Report", recites that J. W. Mullin, Jr., was appointed referee to hear and determine the issue set out in said report. While the original minute order of reference was so brief as perhaps

to be uncertain, the subsequent developments must necessarily have made clear to appellant that Mr. Mullin was acting as a referee, and if in fact there was no agreement of reference, it is most extraordinary that no point was made as to this until after adverse findings were clearly indicated. The participation in the hearing and subsequent consideration of the case, with knowledge of Mr. Mullin's statements, is indicative either of a prior consent to the reference or a waiver of objection thereto. (See *Garland* v. *Smith*, 131 Cal. App. 517 [21 Pac. (2d) 688] ; *Shain* v. *Peterson*, 99 Cal. 486 [33 Pac. 1085].)

█ Moreover, the judgment of the lower court herein recites the fact of reference, and this recital, though not conclusive on a direct attack by appeal, is presumed to be correct. In the absence of a strong showing to controvert it, and there is no affirmative evidence in the record which does so, it must be accepted as true. (See *Sichler* v. *Look*, 93 Cal. 600 [29 Pac. 220].)

The findings are supported by the record, and no points raised in connection therewith require discussion.

The judgment is affirmed.

Curtis, J., Edmonds, J., Shenk, J., Seawell, J., and Waste, C. J., concurred.