[L. A. No. 22906. In Bank. Apr. 20, 1954.]

JACK HOWARD ELLSWORTH, Respondent, v. EVELYN JOSEPHINE ELLSWORTH, Appellant.

John C. Campbell and W. Floyd Cobb for Appellant.

John U. Edwards for Respondent.

EDMONDS, J.—Jack Howard Ellsworth has moved to dismiss the appeal taken by his former wife from an order vacating one which adopted the findings and recommendation of a commissioner of the court. The question presented for decision concerns the legal effect of the redetermination.

In a proceeding initiated by an order to show cause, Evelyn Ellsworth sought to modify the provisions of interlocutory and final decrees of divorce which award to Jack the custody of their minor son. Pursuant to section 259a of the Code of Civil Procedure, the matter was referred to a

court commissioner who, after a hearing, made findings of fact upon which he based a recommendation that custody be given to Evelyn. The trial judge endorsed the report "So ordered" and, by a minute order, directed a modification of the decrees in accordance with the commissioner's recommendation.

Within the time allowed by the same section, Jack filed exceptions to the findings of fact and the subsequent order of the court, together with a notice of motion to have them set aside. After a hearing, the trial judge made the following order: "Plaintiff's exceptions to the findings and report of the commissioner are sustained and his motion to set aside the order based upon said findings and report is granted leaving the order for custody in effect as set forth in the interlocutory decree and as incorporated by reference in the final decree. Rehearing is set for April 10—1953 at 9:45 A.M."

The ruling of the trial judge on the exceptions and motion was made under the authority of section 259a of the Code of Civil Procedure, which provides in part: "Subject to the supervision of the court, every court commissioner of a county or city and county having a population of nine hundred thousand inhabitants or more shall . . . have power:

"2. To take proof and make and report his findings thereon as to any matter of fact upon which information is required by the court; but any party to any contested proceeding may except to such report and the subsequent order of the court made thereon within five days after written notice of the court's action, a copy of said exceptions to be filed and served upon opposing party or his counsel within said five days; and may argue his exceptions before the court on giving notice of motion for that purpose within ten days from entry thereof. After a hearing before the court on such exceptions, the court may sustain, or set aside, or modify its order theretofore made. . . ."

Jack's position is that this section does not authorize an appeal from an order made pursuant to it, nor is there any other statutory basis for such an appeal. As he reads the statute, in the procedure specified by the Legislature any order made by the trial court upon the commissioner's report is interlocutory pending a determination to be made after consideration of exceptions timely filed.

Evelyn contends that the form of the order is immaterial if, in legal effect, it is one from which an appeal may be

taken. (*Howe* v. *Key System Transit Co.*, 198 Cal. 525, 531 [246 P. 39].) She argues that, under this section, an order sustaining exceptions to the commissioner's findings and making a different determination of the controversy is equivalent to one granting a new trial, which is specifically made appealable by section 963, subdivision 2, of the Code of Civil Procedure.

No appellate court has considered the question of the legal effect of a ruling under section 259a. However, in *Chiarodit* v. *Chiarodit*, 218 Cal. 147 [21 P.2d 562], it was said that "the procedure which the commissioner is to follow is in all of its essential features the same as that to be followed by . . . [a] referee, for which reason the rules of law ought to be the same." (P. 151.) Counsel for Evelyn reads section 259a as prescribing a proceeding tantamount to a general reference, or to a special reference with an adoption of the referee's report. In either of these circumstances, the report of the referee is the decision of the court. Accordingly, it is argued, an order vacating the report of a referee or commissioner and directing a rehearing upon factual issues is within the statutory definition of an order granting a new trial.*

The provisions of the Code of Civil Procedure relating to proceedings before referees and commissioners preserve the traditional distinction between a general reference, that is, a trial before a referee upon all the issues of fact or of law, and a special reference, in which he considers only part of the issues. ▉ A general reference may be had only with the consent of the parties. (Code Civ. Proc., § 638, subd. 1; *Estate of Hart*, 11 Cal.2d 89, 91 [77 P.2d 1082].) "The finding of the referee or commissioner upon the whole issue must stand as the finding of the court, and upon filing of the finding with the clerk of the court, or with the judge where there is no clerk, judgment may be entered thereon in the same manner as if the action had been tried by the court." (Code Civ. Proc., § 644.) ▉ In such a case, the decision of the referee must be attacked in the same manner as one made by the court, and an order vacating the decision and directing a rehearing is properly appealable as an order granting a new trial. (*Grayson* v. *Guild*, 4 Cal. 122, 125; *Peabody* v. *Phelps*, 9 Cal. 213, 225; *Lewis* v. *Grunberg*, 205 Cal. 158, 162 [270 P. 181]; see *Baker* v. *Baker*, 10 Cal. 527.)

---

*"A new trial is a reexamination of an issue of fact in the same court after a trial and decision by a jury, court or referee." (Code Civ. Proc., § 656.)

A special reference, however, does not determine the whole issue, and the report of the referee does not become the decision of the court without further action by the trial judge. (*Peabody* v. *Phelps, supra,* 9 Cal. 224; *Chiarodit* v. *Chiarodit, supra,* 218 Cal. 150.) Until the adoption of the report and the filing of the findings of fact and conclusions of law of the trial court, the report may be set aside without the necessity of granting a new trial. (*Clark* v. *Millsap,* 197 Cal. 765, 785 [242 P. 918]; *Schefski* v. *Anker,* 216 Cal. 624, 628 [15 P.2d 744]; *cf. Harris* v. *San Francisco Sugar Refining Co.,* 41 Cal. 393, 403-405.) An order vacating such a report is interlocutory only. (*Johnston* v. *Dopkins,* 6 Cal. 83, 84; *Baker* v. *Baker,* 10 Cal. 527, 528.)

The proceeding authorized by section 259a of the Code of Civil Procedure does not contemplate a hearing upon the whole issue within the meaning of the provisions relating to reference. By subsection 2, the commissioner is authorized to make and report findings "as to any matter of fact upon which information is required by the court." Under this provision, as the hearing is not had upon the stipulation of the parties, the commissioner's findings are advisory only.

Evelyn takes the position, however, that because in the present case the commissioner's findings were adopted by the trial court in its order, there has been a decision. Upon that premise, she argues that the order here challenged is equivalent to one vacating a report of a referee made upon reference of the whole issue.

Prior to the amendment to section 259a in 1949, no order based upon the commissioner's findings was made until after exceptions were heard. The amendment to the section was enacted as an emergency measure, and the facts constituting the emergency were stated to be as follows:

"Under Section 259a of the Code of Civil Procedure as now written, it is provided that anyone can give notice that he is going to file exceptions to the findings of a commissioner and then the matter has to be heard by the judge. Unless this act is adopted, the court cannot sign the commissioner's recommendation until five days after the hearing to allow for the exceptions. Because of the tremendous volume of business it is necessary that the commissioner's findings be signed immediately as many of the commissioner's findings call for summary action and the lifting of restraining orders." (Stats. 1949, ch. 469, § 1, p. 817.)

There is no indication that the Legislature, by changing the time at which an order based upon the commissioner's report might become effective, intended to grant to the party against whom the exceptions are sustained an additional remedy for reviewing the trial court's determination. On the contrary, it appears that the Legislature intended that the order remain interlocutory throughout the period for filing and hearing exceptions to the commissioner's report. At that time, instead of making an order for the first time, the trial court may "sustain, or set aside, or modify its order theretofore made." Such a construction of the section preserves the immediate effectiveness of the order without unnecessary delay occasioned by an appeal.

The appeal is dismissed.

Shenk, J., Carter, J., Traynor, J., Schauer, J., Spence, J., and Bray, J. pro tem.,* concurred.

_____

*Assigned by Chairman of Judicial Council.