[Civ. No. 22717. Second Dist., Div. One. Apr. 22, 1958.]

AMELIE WEINFELD, Appellant, v. FREDERIK WEINFELD, Respondent.

Aaronson & Shapero for Appellant.

No appearance for Respondent.

FOURT, J.—This is an appeal from that part of an order which, in effect reduced "The support of the minor child . . . to $150. per month," and from an order denying the appellant's motion for a reconsideration and reversal of the court's modification order.

The parties hereto were married, had one child as the issue of the marriage and then divorced. The court, after a trial, made an interlocutory decree of divorce wherein, among other things, it was ordered, apparently pursuant to a stipulation between the husband and wife, that the wife should have the custody of the minor child and that the husband pay to the wife for the support and maintenance of the child the sum of $175 per month, and that the husband pay to the wife as alimony the sum of $150 per month. Judgment was entered March 19, 1954.

August 23, 1954, the husband moved to modify the interlocutory judgment and a hearing was had thereon in November, 1954. It was ordered that the child support payments be reduced to $125 per month, and the alimony to the wife was reduced to $75 per month.

October 3, 1956, the husband filed an order to show cause wherein he sought to eliminate the alimony payments, and to reduce the child support payments to $75 per month. The wife, on October 30, 1956, filed a petition to have the child support payments increased to $225 per month.

On November 5, 1956, the matter was referred by the judge to a commissioner for findings and recommendation. Testimony was taken before the commissioner and on November 8, 1956, "Findings of Fact by Court Commissioner" were filed. The findings contain the following statement: "There is some question as to whether or not the defendant's earning capacity will be diminished in the future in comparison with what it was in 1955. It is stipulated that the matter be continued until after the close of the calendar year when the defendant will have an accurate statement as to his earnings of 1956 and is further stipulated that any modification granted either to the plaintiff or defendant shall be retroactive to November 1, 1956. The plaintiff's attorney has expended the sum of $20 in court costs. Attorney's fees, if any, to the plaintiff's attorney to be fixed and determined at the time of continuance."

The cause was then continued to February 4, 1957, and later continued to February 25, 1957, at which time it was referred to a commissioner for findings and recommendation. A hearing was held on February 25, 1957, and the commissioner in due time filed his "Findings of Fact by Court Commissioner," wherein it was found that ". . . the child's necessary expenses are not in excess of $200," and "that the defendant's earnings are considerably greater than they were in 1954. . . . "

A court reporter was present at both hearings before the commissioners at the wife's request.

On February 28, 1957, the recommendations of the commissioner were presented to the court, and read in part as follows:

"This matter having been heretofore submitted on February 25, 1957, the following order is now made: The order of November 5, 1954 is modified in the following respects only: The defendant is ordered to continue to pay $75 per month alimony to the plaintiff and the defendant is ordered to pay $200 per month for the support of the minor child, a total of $275, payable on the 1st day of each month retroactive to November 1, 1956 (as per the stipulation of the parties made on November 5, 1956). The defendant is further ordered to pay to plaintiff's attorney for this proceeding the sum of $150 attorney's fees and $42.67 court costs on account, payable at the rate of $25 per month, commencing March 15, 1957."

The court, on the same day, signed at the bottom of the page containing the recommendations the following: "It is so ordered."

Within five days from a receipt of a copy of the order, the husband filed objections to the commissioner's findings upon the ground "that the findings are contrary to law and evidence and are not supported by the evidence. . . ." A memorandum in support of the objections to the findings was filed, wherein the husband set forth an analysis of the profit and loss statement of the husband and a résumé of the testimony pertaining to his expenses and other matters having to do with the cause.

On March 28, 1957, the husband's motion came on to be heard and was argued and submitted. Later, on that same date the court made an order that, "The support of the minor child is reduced to $150 a month. . . ."

The wife, thereafter, filed a "Notice of Motion to Reconsider Modification of order. . . ." That motion came on to

be heard on April 16, 1957, was argued and denied. This appeal followed.

Appellant contends that the court abused its discretion in sustaining the defendant's objections to, the commissioner's findings, and in effect asserts that it was the duty of the husband to provide the court with a copy of the reporter's transcript of the proceedings before the commissioners, and that without such transcript the court could not properly act.

The appellant in this cause has cited several cases as authority for her contention. In at least four instances counsel for the appellant in her brief either deliberately or with the grossest carelessness has misquoted the authorities cited to this court. Such conduct is inexcusable upon the part of any lawyer, and places additional burdens upon this court. (See Canon 22 of the Canons of Professional Ethics of the American Bar Association.)

The husband has not seen fit to file a brief, nor did he see fit to make any appearance, nor in any manner to assist this court in the cause, which course of conduct we do not commend. As a consequence, it has been necessary for this court to make its own independent research in the matter.

Section 259a, Code of Civil Procedure, which is pertinent in this case, provides in part as follows:

"Subject to the supervision of the court, every court commissioner of a county or city and county having a population of nine hundred thousand inhabitants or more shall, in addition to the powers and duties contained in Section 259 of this code, have power:

. . . . . . . . . . . . . . .

"2. To take proof and make and report his findings thereon as to any matter of fact upon which information is required by the court; but any party to any contested proceeding may except to such report and the subsequent order of the court made thereon within five days after written notice of the court's action, a copy of said exceptions to be filed and served upon opposing party or his counsel within said five days; and may argue his exceptions before the court on giving notice of motion for that purpose within ten days from entry thereof. *After a hearing before the court on such exceptions, the court may sustain, or set aside, or modify its order theretofore made;*

. . . . . . . . . . . . . . .

"5. When ordered by the court appointing him so to do, to

hear, and report his findings and conclusions to the court for approval, rejection or change, all preliminary matters including motions or petitions for the custody and support of children, the allowance of temporary alimony, costs and attorneys' fees, and issues of fact in contempt proceedings in divorce maintenance and annulment of marriage cases; . . .'' (Emphasis added.)

 In *Ellsworth* v. *Ellsworth*, 42 Cal.2d 719 [269 P.2d 3], the court said among other things (at pp. 722-724):

''The provisions of the Code of Civil Procedure relating to proceedings before referees and commissioners preserve the traditional distinction between a general reference, that is, a trial before a referee upon all the issues of fact or of law, and a special reference, in which he considers only part of the issues. A general reference may be had only with the consent of the parties. (Code Civ. Proc., § 638, subd. 1; *Estate of Hart*, 11 Cal.2d 89, 91 [77 P.2d 1082] . . .) 'The finding of the referee or commissioner upon the whole issue must stand as the finding of the court, and upon filing of the finding with the clerk of the court, or with the judge where there is no clerk, judgment may be entered thereon in the same manner as if the action had been tried by the court.' (Code Civ. Proc., § 644.) In such a case, the decision of the referee must be attacked in the same manner as one made by the court, and an order vacating the decision and directing a rehearing is properly appealable as an order granting a new trial. (Citing cases.)

 ''A special reference, however, does not determine the whole issue, and the report of the referee does not become the decision of the court without further action by the trial judge. (Citing cases.) Until the adoption of the report and the filing of the findings of fact and conclusions of law of the trial court, the report may be set aside without the necessity of granting a new trial. (Citing cases.) An order vacating such a report is interlocutory only. (Citing cases.)

 ''The proceeding authorized by section 259a of the Code of Civil Procedure does not contemplate a hearing upon the whole issue within the meaning of the provisions relating to reference. By subsection 2, the commissioner is authorized to make and report findings 'as to any matter of fact upon which information is required by the court.' Under

this provision, as the hearing is not had upon the stipulation of the parties, the commissioner's findings are advisory only.

. . . . . . . . . . . . . . .

■ ". . . it appears that the Legislature intended that the order remain interlocutory throughout the period for filing and hearing exceptions to the commissioner's report. At that time, instead of making an order for the first time, the trial court may 'sustain, or set aside, or modify its order theretofore made.' Such a construction of the section preserves the immediate effectiveness of the order without unnecessary delay occasioned by an appeal.

■ We view it that the trial judge simply did what he was entitled to do under the provisions of the code section, namely, in the first instance pursuant to the husband's objections to the commissioner's finding, modify "its order theretofore made," and in the second instance deny the wife's motion to reconsider the modification order above referred to.

There was no abuse of the court's discretion.

The orders are, and each is, affirmed.

White, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied May 13, 1958, and appellant's petition for a hearing by the Supreme Court was denied June 17, 1958. Traynor, J., was of the opinion that the petition should be granted.