[Civ. No. 27141. First Dist., Div. One. Nov. 9, 1970.]

Estate of ETHEL JOHNSTON, Deceased.
HOUSTON I. FLOURNOY, as State Controller,
Petitioner and Respondent, v.
LOIS CARD CRENSHAW, as Executrix, etc., Objector and Appellant.

COUNSEL

Tinning & DeLap and Robert Eshleman, for Objector and Appellant.

Myron Siedorf, Milton D. Harris and R. Edgar Sanderson for Petitioner and Respondent.

OPINION

**ELKINGTON, J.**—The notice of appeal recites that it is from an "Order overruling objections to report of inheritance tax appraiser, fixing inheritance tax, and denying motion to approve report of the probate commissioner." We treat the appeal as from "an order fixing an inheritance tax," the remaining orders being nonappealable. (See Prob. Code, § 1240.)

Lois Card Crenshaw, executrix of the estate of Ethel Johnston, deceased, filed objections to the report of the inheritance tax appraiser. The only dispute concerned the taxability of a gift from the deceased to her niece, the executrix, Mrs. Crenshaw. By a minute order of the court the issue was submitted to Probate Commissioner Paul E. Springer. After a hearing the commissioner filed his report to the court with a recommendation that the objections to the report of the inheritance tax appraiser be sustained.

The court thereafter considered the evidence as reported by the commissioner. It found that the subject gift "was made in contemplation of the decedent's death," and concluded as a matter of law that it was taxable under the Inheritance Tax Act. (Rev. & Tax. Code, § 13642.) The recom-

mendation of the commissioner was rejected, and the report of the appraiser was approved.

Appellant contends that the reference to the probate commissioner, being a "general reference" under Code of Civil Procedure section 638, subdivision 1, his findings of fact must stand as the finding of the court under Code of Civil Procedure section 644.

Code of Civil Procedure section 638 recites: "A reference may be ordered upon the agreement of the parties filed with the clerk, or judge, or entered in the minutes or in the docket: 1. To try any or all of the issues in an action or proceeding, whether of fact or of law, and to report a finding and judgment thereon; 2. To ascertain a fact necessary to enable the court to determine an action or proceeding."

It is noted that section 638 relates only to references "ordered upon the agreement of the parties." Subdivision 1 refers to a "general reference" for trial before a referee. (*Ellsworth* v. *Ellsworth,* 42 Cal.2d 719, 722 [269 P.2d 3]; *Estate of Bassi,* 234 Cal.App.2d 529, 536-537 [44 Cal.Rptr. 541].) On such a reference the findings of the referee must stand as the findings of the court, and judgment will be entered thereon in the same manner as though the matter had been tried by the court. (Code Civ. Proc., § 644; *Ellsworth* v. *Ellsworth, supra,* p. 722; *Estate of Bassi, supra,* p. 536; *San Diego Fruit & Prod. Co.* v. *Elster,* 127 Cal.App.2d 80, 85 [273 P.2d 70].)

On the other hand, subdivision 2 of section 638, provides for a special reference. On such a reference the referee's report may be set aside or disregarded by the court; "the commissioner's findings are advisory only." (*Ellsworth* v. *Ellsworth, supra,* 42 Cal.2d 719, 723; *Schefski* v. *Anker,* 216 Cal. 624, 627-628 [15 P.2d 744]; *Estate of Bassi, supra,* 234 Cal.App.2d 529, 536.)

The record before us indicates that upon the filing of appellant's "objections to the Report of Inheritance Tax Appraiser," without objection of either party, the court ordered the proceedings referred to the probate commissioner. Again without objection and with the active participation of the parties, evidence was taken by, and the matter was submitted to, the commissioner. Thereafter appellant moved the court to approve the commissioner's favorable report. The conduct of the parties thus established their prior consent to the court's reference, or at least a waiver of any objections thereto. (See *Estate of Hart,* 11 Cal.2d 89, 92 [77 P.2d 1082].)

Code of Civil Procedure section 639 states: "Except in justice courts, when the parties do not consent, the court may, upon the application of either, or of its own motion, direct a reference in the following cases:

1. When the trial of an issue of fact requires the examination of a long account on either side; in which case the referees may be directed to hear and decide the whole issue, or report upon any specific question of fact involved therein; 2. When the taking of an account is necessary for the information of the court before judgment, or for carrying a judgment or order into effect; 3. When a question of fact, other than upon the pleading, arises upon motion or otherwise, in any stage of the action; 4. When it is necessary for the information of the court in a special proceeding."[1] Here consent of the parties is not necessary. And except perhaps where "the referees may be directed to hear and decide the whole issue" (subd. 1) a reference under section 639 is obviously a special reference.

Government Code section 69897 provides for the appointment, and prescribes the powers and duties of the San Francisco City and County (counties of 600,000-900,000 population) Probate Commissioner. As pertinent here the section states:

"Every probate commissioner so appointed shall be in attendance at all sessions of the court. He shall examine all the files and proceedings and advise the court on them. He shall have the powers and duties delegated to him by the appointing court, including the powers conferred on court commissioners by this title or the Code of Civil Procedure."

The rules of the Superior Court of the City and County of San Francisco, on file with the California Judicial Council, rule VI (2), provide, among other things: "Unless otherwise expressly indicated by the Court, all references to a Probate Commissioner shall be for examination and recommendation and deemed to be a limited or special reference."

And we note that "unless it may be properly inferred by the court from the recitals in the findings of the referee and those of the court that the reference was general in its character, it must be presumed that it was a special reference for the benefit of the court." (*Lewis* v. *Grunberg*, 205 Cal. 158, 161 [270 P. 181].)

 The record before us does not indicate that anything other than a "limited or special reference" was ordered by the court. And since it was a special reference, the court was permitted to make its own findings and decision on the evidence reported by the probate commissioner. (See *Estate of Bassi, supra,* 234 Cal.App.2d 529, 539.)

Appellant's second, and related, contention is also without merit. She states, even assuming a special reference, that Code of Civil Procedure section 259a (which may relate to the City and County of San Francisco

---

[1] A probate proceeding is a "special proceeding." (See *Estate of Quinn,* 43 Cal.2d 785, 787 [278 P.2d 692].)

through Government Code section 70141.5) provides that the court had "no power to adopt contrary findings, but could only make its order approving the report in the first instance, and then modify that order if exceptions were filed." We find this argument to be unsupported by any reasonable interpretation of Code of Civil Procedure section 259a.

Next, appellant urges that she has a right to a determination by the probate commissioner who heard the evidence, and not by a judge who did not.

It is undoubtedly true that the fact finding determination is ordinarily best left to the tribunal which saw and heard the witnesses and observed their demeanor. Nevertheless, the practical exigencies of our judicial system have long ago pointed up the need in many situations for court delegation of the evidence-taking process to others. From time immemorial courts of equity have appointed masters for that purpose, and hearings before referees and court commissioners are now common. (See article, Reference, 42 Cal.Jur.2d, pp. 545-570.)

The practice of appointing commissioners to assist trial courts has constitutional acceptance. California's Constitution, article VI, section 22, provides: "The Legislature may provide for the appointment by trial courts of record of officers such as commissioners to perform subordinate judicial duties." And, as noted, the Legislature has provided (Gov. Code, § 69897) for the appointment of probate commissioners who shall "have the powers and duties delegated to [them] by the appointing court, . . ." The rule of the San Francisco Superior Court authorizing "examination and recommendations" by the probate commissioner to the court of "probate applications" was proper.

No error attended the court's decision in the instant case based upon the commissioner's report on the evidence taken upon the special reference.

The final contentions presented to us may be summarized as an argument that the court's determination that the subject gift was made in contemplation of decedent's death was not supported by substantial evidence.

In our resolution of this point we must be guided by the substantial evidence rule. This principle holds that when a decision is attacked on the ground that it is not sustained by the evidence, the power of an appellate court begins and ends with the determination whether there is any substantial evidence, contradicted or uncontradicted, which will support the determination; the evidence may not be weighed, and when two or more inferences can reasonably be drawn from the facts the reviewing court

may not substitute its deductions for those of the trier of fact, here the court—not the probate commissioner. (See *Green Trees Enterprises, Inc.* v. *Palm Springs Alpine Estates, Inc.,* 66 Cal.2d 782, 784 [59 Cal.Rptr. 141, 427 P.2d 805].)

Decedent Ethel Johnston, on September 28, 1964, at the age of 94, made a cash gift of $38,900 to her niece, appellant and executrix Lois Card Crenshaw. About one year later (in conservatorship proceedings) her estate was appraised at $128,000. Mrs. Johnston died in 1966 leaving a will, executed many years before, in which, but for $5,500, her niece Lois was the sole beneficiary.

Revenue and Taxation Code section 13642 provides, in part, as follows: " 'Contemplation of death' includes that expectancy of death which actuates the mind of a person on the execution of his will. The term is not restricted to that expectancy of death which actuates the mind of a person making a gift causa mortis."

It is established that to meet the demands of the statute the state is not required to prove that the donor's sole motive was contemplation of death. It is enough if the circumstances surrounding the transfer were such as would justify a reasonable man in concluding that contemplation of death was a significant factor. (See *Estate of Newman,* 52 Cal.App.2d 126, 135 [125 P.2d 908]; *Estate of Boole,* 98 Cal.App. 714, 722 [277 P. 759].)

Here the deceased in making her will had long before expressed an intention, in contemplation of death, to leave substantially her entire estate to her niece Lois. The ratio of her 1964 gift to her total estate at that time appears to have been approximately 25 percent. It may reasonably be said, and inferred, that one does not ordinarily give away a substantial part of his holdings except to a favored object of bounty and under circumstances where he feels he retains that which is sufficient for his own lifetime support. And, applied to a person of advanced age such an inference seems even more reasonable. Such a gift may reasonably be held to be in contemplation of death, or at very least, that such contemplation is a significant factor.

*Estate of Adams,* 39 Cal.2d 309, 319 [246 P.2d 625], and *Estate of Newman, supra,* 52 Cal.App.2d 126, 138, quote with approval certain language found in *In re Schweinler's Estate,* 117 N.J.Eq. 67 [175 A. 71] as follows: "As a matter of common knowledge, most men do not divest themselves of their whole estates or a large proportion thereof except as the result of that contemplation of death already discussed. When such a gift is made, therefore, it is more probable than not that it was made as the result of such contemplation."

*Estate of Davis* (1943) 12 P-H Tax Ct. Rep. Mem. 121, 126, affirmed (6th Cir. 1944) 142 F.2d 450, has said: "It is reasonable to assume that decedent, being a practical woman, took into consideration the fact that she was 82 years old, that the sands of life were fast running out, that her life expectancy was short, and that her fortune would be more than sufficient for her needs without the Wayne County property. It would be closing our eyes to the obvious to say that thought of these matters did not enter into decedent's mind and motivate the transfer. Age alone does not furnish a decisive test as to whether a transfer is motivated by considerations associated with death; but where, as here, other facts strongly point to testamentary disposition, old age may tip the scales."

Although, perhaps on the evidence before the court, a contrary conclusion might have been reached, we hold that a reasonable inference could be drawn therefrom that the gift from decedent to her niece was in contemplation of death and therefore taxable under the Inheritance Tax Act.

The order fixing inheritance tax is affirmed; the appeal as to the remaining nonappealable orders is dismissed.

Molinari, P. J., and Sims, J., concurred.